**Willis Louis RODGERS,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 42080.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 7, 1980.

Motion for Transfer to Supreme Court
Denied Dec. 12, 1980.

Application to Transfer Denied
Feb. 9, 1981.

Chackes & Hoare, Lee, Lawless, St. Louis, for movant–appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., Michael Fagan, Asst. Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Rule 27.26 motion. We affirm.

Movant was convicted by a jury of robbery in the first degree by means of a dangerous and deadly weapon on June 28, 1973 in St. Louis, Missouri. At this trial, movant's lawyer made no opening statement and called no witnesses. Punishment was assessed at thirty–five years. His con-

viction was affirmed on direct appeal. *State v. Rodgers*, 525 S.W.2d 447 (Mo.App. 1975).

Movant's Rule 27.26 motion was previously overruled without an evidentiary hearing. This ruling was reversed by the Supreme Court of Missouri and the cause remanded. *Rodgers v. State*, 580 S.W.2d 510 (Mo.banc 1978). Thereafter, counsel was appointed for movant and an amended motion was filed. Movant charges ineffective assistance of counsel at his arraignment, at trial and on direct appeal. An evidentiary hearing was afforded movant. On May 23, 1979, the Rule 27.26 judge overruled his motion. Movant charges ineffective assistance of counsel because his trial counsel failed to investigate, interview witnesses or consult with appellant prior to trial; failed to timely object to movant's identification and failed to file a timely motion for a new trial.

We have borrowed much of the language for this opinion from the excellent findings and conclusions of law of the Rule 27.26 judge, the Honorable Carl R. Gaertner.

The seed for this protracted litigation was sown by two men on January 28, 1973, when they entered a tavern carrying a shotgun and a pistol and robbed the occupants. Movant was positively identified by four witnesses as the man with the shotgun. A police car was passing the scene and the officers therein saw the robbers running from the tavern to an automobile. The officers gave chase, and after shots were fired from both vehicles, apprehended movant, two other males and two females. The proceeds of the crime and the weapons used were found in the escape car. Two of the occupants of the automobile, movant and Anthony Wayne Sheppard, were charged with the offense. The other three were juveniles.

Movant was represented by attorneys of the St. Louis Public Defender Bureau at his preliminary hearing and arraignment and by Assistant Public Defender Frederick R. Buckles thereafter. Mr. Buckles was unable to recall many details of his representation which had occurred more than five years prior to the Rule 27.26 hearing.

Prior to the commencement of the trial, Mr. Buckles undertook investigation and trial preparation. This was evidenced by the entry of the addresses of the alleged defense witnesses on the Public Defender Interview Form in Buckles' handwriting, by his telephone interview of the female juvenile occupant of the escape car, by his interview of movant's mother, by his having obtained the police report and by his review of the total investigation file of the circuit attorney.

This investigation and trial preparation revealed a case which overwhelmingly pointed to movant's guilt. Mr. Buckles undertook plea negotiations with the assistant circuit attorney prior to the case being assigned to a trial division. Plea negotiations continued after the case had been assigned to Division 12 and before the trial commenced during the afternoon of June 25, 1973 and during the morning of June 26, 1973.

During this latter period, movant and movant's mother were present and involved in the discussions. Movant was advised by his attorney of the overwhelming nature of the state's evidence against him. He offered no exculpatory facts which would have constituted a defense to the charge, but refused to say anything about the case.

Movant's attorney filed a motion for new trial after the time for such filing had expired. The trial court considered the points asserted in said motion before imposing sentence. This court considered the same points on appeal, even though not preserved by a timely motion under Rule 27.20(c), as "plain error." *State v. Rodgers, supra.*

In *Seales v. State*, 580 S.W.2d 733 (Mo.banc 1979), the Supreme Court of Missouri adopted the standard of the United States Eighth Circuit Court of Appeals in testing the adequacy of counsel in a criminal proceeding. This rule requires a finding that the conduct of the attorney does not measure up to the standard prescribed in *Reynolds v. Mabry*, 574 F.2d 978 (8th Cir.

1978). His performance must conform to the care and skill of a reasonably competent lawyer rendering similar services under the existing conditions. If there is such a finding, the defendant must be prejudiced thereby. *Witham v. Mabry*, 596 F.2d 293 (8th Cir. 1979).

As Judge Bardgett notes in *State v. Rodgers, supra,* the difference between this standard and the former Missouri standard of whether or not the accused was denied a fair trial (*Sims v. State,* 496 S.W.2d 815 (Mo.1973)) is arguable. The instant case serves as an example of the accuracy of that observation. Even if it be assumed that movant's attorney was derelict in failing to conduct more pre–trial interviews with his client, no prejudice resulted therefrom as nothing could have developed from such interviews which might have affected the outcome of the case. Movant had a fair trial. Both the *Seales'* standard and the *Sims'* standard have been met.

In remanding this matter for an evidentiary hearing (*Rodgers v. State,* 567 S.W.2d 634 (Mo.banc 1978)), the Supreme Court ruled effective assistance of counsel required an attorney to have done enough investigation in advance of the trial date to make a reasonable appraisal of the strength of the state's case and the weakness of the defense. The court further observed that if counsel concludes the case is hopeless, it becomes his duty to so advise his client and to determine the possibility of obtaining an agreement between the prosecutor and his client of a negotiated guilty plea recommendation to the court. That is exactly what occurred in this case.

Movant's attorney, well before the trial, obtained the entire prosecution file which revealed four witnesses who positively identified his client as the robber with the shotgun. Police officers saw the robbers leaving the tavern. They quickly apprehended them after an exchange of gunfire. They recovered from them the proceeds of the crime. Movant's attorney ascertained his client had two prior felony convictions and was on probation at the time. He interviewed a female juvenile occupant of the escape car and learned nothing that would aid the defense. In view of the trial court's rejection of the evidentiary hearing testimony of Sheppard that he would have testified at the time of trial that movant was not a participant, little could have been gained by the attorneys conducting interviews of the other occupants of the car whose names were obtained by David Adams, the Assistant Public Defender who represented movant at the preliminary hearing, and whose addresses were obtained by movant's trial counsel.

Having concluded the case was hopeless, the attorney did undertake discussions with the assistant circuit attorney prior to the trial date regarding a possible plea recommendation. He obtained a commitment from the prosecutor to make recommendation of an eighteen (18) year sentence if the movant would be willing to plead guilty.

The case was assigned from the central assignment division to a trial division on June 25, 1973. The selection of the jury did not start until late in the afternoon of the next day. The jury was not sworn, nor evidence presented, until the morning of June 27th. During all that time, counsel discussed with movant and the movant's mother the strength of the state's case, the absence of any defense and the possible advantages of a guilty plea. Counsel is not more to be faulted because movant refused to discuss the case with him or to heed his advice than is movant's mother who testified she pleaded with her son to plead guilty. Movant was not deprived of an opportunity to have the advice of counsel on what disposition should have been attempted in his best interest. He merely refused to accept this advice.

As indicated in *Seales v. State, supra,* effective assistance of counsel must be measured in light of the factual circumstances of each case. Accordingly, this court does not consider as an unvarying absolute the language in *Rodgers v. State, supra* at 635, indicating that a lawyer who does not see his client until the day of trial has not met his responsibility to his client. The language was not concurred in by a

majority of the court, but only by two judges, while four of the judges sitting refused to join in this obiter dicta.

 In the vast majority of cases, it would undoubtedly be true that failure to consult with a client until the day of trial would constitute a dereliction of an attorney's responsibilities. However, in view of the facts of this case, such dereliction did not take place. Faced with the inescapable conclusion that the evidence of movant's guilt was overwhelming, counsel undertook plea bargaining negotiations with the prosecutor. The failure to see his client before the day of trial is not, in and of itself, a sufficient showing of ineffective assistance of counsel. It must be borne in mind attorneys of the same public defender's office had represented defendant at his preliminary hearing and arraignment.

To say that the fruitful time for possible disposition of a case is lost by waiting until the morning of trial, as indicated by the minority opinion in *Rodgers v. State, supra,* fails to recognize the actual experience in most courts. Cases, civil as well as criminal, are rarely settled until a definite trial date is imminent. Rather than a hardening of positions, the best offers are seldom made until the cases have been assigned to a judge for trial, and often not until the parties have had an opportunity to observe a panel of prospective jurors.

 Under the circumstances surrounding this case, the conduct of movant's trial counsel did conform to the care and skill of a reasonably competent lawyer rendering similar services. Movant received a fair trial and competent advice of counsel in pre–trial proceedings. He was in no way prejudiced by reason of the failure of his trial counsel to consult with him earlier than he did. We do not condone such failure, but in the circumstances of this case, we find no reversible error.

 With regard to the untimely filing of a motion for new trial, there was no justification or excuse for such untimely filing. However, the sentencing judge did consider each point asserted in the motion for new trial on its merits after noting the same to be untimely. Furthermore, the

Court of Appeals considered each point as "plain error" after noting that the error was not preserved by a timely motion. More importantly, the transcript of the record on appeal fails to divulge any trial error which could have resulted in a successful appeal even if a timely motion for new trial had been filed. No such error is suggested by the instant motion to vacate. In the absence of some allegation and proof of prejudice resulting therefrom, movant's complaint regarding the untimely filing of the motion for new trial does not warrant a vacation of his sentence. *Holbert v. State,* 439 S.W.2d 507, 509 (Mo.1969); *White v. State,* 430 S.W.2d 144, 147 (Mo.1968).

We find that movant received a fair trial and was not prejudiced by the denial of any constitutional right. The findings of fact and conclusions of law of the Rule 27.26 judge are not clearly erroneous.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.