**STATE of Missouri, Respondent,**

v.

**Ricky Lee BAKER, Appellant.**

**No. 44412.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

Joseph W. Downey, Mary K. Wefelmeyer, St. Louis, for appellant.

John Ashcroft, Kristie Green, Jefferson City, George Peach, Douglas Forsyth, St. Louis, for respondent.

CRIST, Judge.

Defendant Ricky Lee Baker appeals from the judgment and ten year sentence on his conviction by a jury of first degree robbery, § 569.020.–1(4), RSMo.1978. His two points on appeal assign error to the denial of his motion to exclude from evidence a pistol seized by police officers during a warrantless search of an apartment where defendant was arrested. The trial court concluded defendant lacked "standing" to contest the search and seizure. We agree, and affirm.

■ With exceptions not relevant here, the constitutionality *vel non* of a search and seizure is determined on hearing a defendant's motion to suppress. Section 542.296.2 & 5(5), RSMo.1978; *State v. Holt*, 415 S.W.2d 761, 764 (Mo.1967). Though it is the state's burden at that hearing to show by a preponderance of the evidence that the motion to suppress should be overruled, § 542.-296.6, RSMo.1978, it is the defendant's burden to establish "standing" to challenge the search and seizure by showing his own Fourth Amendment rights were violated. *State v. Arnold*, 566 S.W.2d 185, 186–87 (Mo. banc 1978); *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 2555, 65 L.Ed.2d 619 (1980). The guide to the defendant's showing required here is in *State v. Johnson*, 598 S.W.2d 123, 127 (Mo. banc 1980):

[A] relationship of defendant to the premises and property . . . [showing] defendant was entitled to and did have a reasonable expectation that the property would be free from governmental intrusion other than by a proper and lawful search and seizure.

■ Only the victim and the two arresting officers testified at the hearing on the motion to suppress. Briefly, the evidence was that defendant forced his way into the victim's car at gun point and drove off with him. The victim escaped, and aided by on-lookers in a following car pursued the defendant (now driving the victim's car) to an apartment house, and watched defendant go inside. The victim phoned the police, and the two officers who responded entered the apartment with the permission of the renter, Annie Pruitt. They found the defendant in an upstairs bedroom closet, handcuffed him, and found the gun in the same room under the seat cushion of an overstuffed chair. There was no evidence of a relationship between defendant and "the premises and property," *State v. Johnson, supra.* Defendant's mere presence on the searched premises at the time of the contested search and seizure is not enough to confer "standing." *Rakas v. Illinois*, 439 U.S. 128, 140–43, 99 S.Ct. 421, 428–30, 58

L.Ed.2d 387 (1978); and see: *State v. Scott,* 621 S.W.2d 915, 918–19 (Mo.1981).

The judgment is affirmed.

CLEMENS, Senior Judge, REINHARD, P. J., and SNYDER, J., concur.