**James GANT, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 34727.**

Missouri Court of Appeals,
Western District.

Nov. 22, 1983.

Charles Franklin, Columbia, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., SHANGLER, J., and TURNAGE, C.J.

PER CURIAM:

James Gant appeals the denial of his Rule 27.26 motion. We affirm.

Gant was charged as a second offender and convicted by jury of one count of first degree murder, two counts of intent to kill with malice aforethought and one count of armed criminal action. Gant filed an untimely motion for new trial. The motion was argued on each of the points contained therein and overruled. Thereafter, the trial court sentenced Gant to life imprisonment on the murder count, ninety-nine years on each of the intent to kill with malice aforethought counts and five years on the armed criminal action count. It ordered the sentences imposed on counts one, two and three to run consecutively and the sentence on count four to run concurrently. This Court reversed Gant's conviction of armed criminal action and affirmed his convictions of the other three counts. *State v. Gant,* 586 S.W.2d 755 (Mo.App.1979).

Subsequently, Gant filed a Rule 27.26 motion wherein he charged that his trial counsel's failure to file a timely motion constituted ineffective assistance of counsel and a denial of his constitutional right to an appeal. The trial court denied the motion without an evidentiary hearing.

Gant contends that because his trial counsel filed an untimely motion for new trial, this Court reviewed his points on appeal under the more rigid standard of "plain error," to Gant's prejudice.

Although Gant's motion for new trial was untimely filed, without justification or excuse, the sentencing court permitted Gant to argue his motion, and it considered each point therein before denying the motion. This Court subsequently noted that "defendant's motion for new trial was not timely filed and preserved nothing for appellate review, thus relegating appellate review to issues deemed 'plain error' within the purview of Rule 27.20(c)." *State v. Gant, supra* at 759. Nevertheless, it fully considered the points which Gant had raised in his motion, and it even ruled one point in Gant's favor.

Gant does not point out any trial error which, if it had been reviewed as preserved error rather than plain error, would have or might have resulted in a reversal of his conviction.

Gant urges that *Nicholson v. State,* 524 S.W.2d 106 (Mo. *banc* 1975), governs disposition of this appeal. We disagree. In *Nicholson,* the trial court permitted the defend-

ant's counsel to withdraw from the case twenty-five days before the expiration date for filing a motion for new trial. The court failed to appoint new counsel until after the time for filing had expired. The Supreme Court reversed the trial court's judgment which had denied the defendant relief under Rule 27.26. It ordered the case remanded with directions to vacate the sentence and judgment and to permit the defendant to file a motion for new trial. The court cited as error the fact that the trial court neither required the defendant's attorney first to file a motion for new trial before permitting him to withdraw nor appointed another attorney to do so within the time allotted for filing the motion. *Id.* at 111.

The instant case is factually similar to *Rodgers v. State,* 610 S.W.2d 25 (Mo.App. 1980). The defendant in *Rodgers* presented several allegations of ineffective assistance of counsel, including his attorney's failure to file a timely motion for new trial. After stating that the untimely filing was inexcusable, the court noted that the sentencing judge considered each point in the motion on its merits and that the appellate court considered each point as "plain error." The court reviewed the record and found it failed to divulge any trial error which could have resulted in a successful appeal even if the defendant's attorney had filed a timely motion for new trial. *Id.* at 29. The court concluded that the untimely filing of the motion did not warrant a vacation of the defendant's sentence, absent some allegation and proof of prejudice resulting therefrom. *Id. See also Garrett v. State,* 591 S.W.2d 89 (Mo.App.1979).

We have examined the instant record and find no prejudice which resulted to Gant because of the untimely filing of his motion for new trial. The trial court committed no error in denying Gant's Rule 27.26 motion.

Accordingly, the judgment is affirmed.