**Ricky Lee BAKER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 47342.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 1984.

Jane Buchanan Phillips, Public Defender, St. Louis, Lew A. Kollias, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Ricky Lee Baker, the movant herein and the defendant in *State v. Baker*, 632 S.W.2d 52 (Mo.App.1982), was convicted of first degree robbery and sentenced to ten years' imprisonment. The unsuccessful defense in the criminal action was alibi. Movant and his brother Willie Baker testified that they and their sister-in-law Annie Pruitt had spent the afternoon preceding the robbery in Pruitt's apartment (where movant was arrested) and were in the apartment when the robbery occurred. Now movant appeals from an order denying his motion under Rule 27.26 to vacate his sentence, contending that his trial counsel's failure to produce Pruitt to bolster the alibi defense constituted ineffective assistance of counsel. We affirm.

■■ The two-part test for ineffective assistance of counsel is (1) performance of counsel that lacks the care and skill of a reasonably competent lawyer rendering similar services under the existing conditions, (2) resulting in prejudice to the defendant. *Rodgers v. State*, 610 S.W.2d 25, 27–28 (Mo.App.1980). In the context of claims of ineffective assistance of counsel predicated on trial counsel's failure to produce alibi witnesses, we held in *Porter v. State*, 596 S.W.2d 480, 482 (Mo.App.1980) that "[t]rial counsel have a responsibility to make 'a reasonable personal effort' to locate witnesses suggested by clients," and that in making that effort "counsel are entitled to rely, at least in part, upon the efforts of the client's friends and family to locate witnesses." *Id.* Whether counsel's effort was reasonable will depend on the factual circumstances of each case. *See Rodgers v. State*, 610 S.W.2d at 28.

Movant first mentioned Ms. Pruitt as an alibi witness about four months prior to his trial. Trial counsel consequently endorsed Ms. Pruitt as a defense witness and then tried unsuccessfully over the following months to interview her. Though an inves-

tigator employed at counsel's office failed on four or five occasions to find Ms. Pruitt at home (she had no phone), counsel was continually reassured by movant's brother Willie (who, movant testified, saw Ms. Pruitt regularly and kept her informed on the progress of the case) that he would produce Ms. Pruitt at movant's trial. When the trial was imminent and still no direct contact with Ms. Pruitt had been made, counsel sent Ms. Pruitt a letter advising her of the trial date and asking her to call.[1] When there was no response, counsel caused a subpoena to issue which was returned "not found." During the week of the trial itself, movant's brother and sister made numerous attempts to contact Ms. Pruitt, and at least one attempt was made by movant's brother accompanied by counsel's investigator, all to no avail.

Ms. Pruitt presented her alibi testimony at movant's evidentiary hearing on his Rule 27.26 motion, and stated she had been willing to so testify at movant's trial. The motion court, however, reciting that it was "particularly judging the credibility of the witnesses," found and concluded that "Ms. Pruitt was unavailable due to her own neglect, rather than any neglect of movant's trial counsel. Neither movant, his brother * * * his sister * * * nor Annie Pruitt made sufficient effort to have Annie Pruitt available for the trial of movant's case. Movant's trial counsel did all she could to assure the presence of Annie Pruitt." We cannot conclude on this record that the motion court's findings and conclusions are clearly erroneous. Rule 27.26(j).

Nor has movant shown he was prejudiced by trial counsel's failure to produce Ms. Pruitt at his trial. We observed in *Porter v. State*, 596 S.W.2d at 482, that "a failure to produce cumulative alibi witnesses, in the absence of a clear showing they would be helpful, is not ineffective representation * * * *" No "clear showing" was made here that Ms. Pruitt's testimony would have been helpful to movant. Rath-

er, her testimony would merely have iterated that of movant and his brother—testimony that the jury refused to believe.

The order is affirmed.

KAROHL, P.J., and REINHARD, J., concur.

---

1. Ms. Pruitt testified at movant's evidentiary hearing that she did not receive the letter. She also testified she never knew the trial date, or even that movant had been tried and convicted until the day before movant's evidentiary hearing.