Lawrence H. HUTSON, Defendant–Appellant,

v.

STATE of Missouri, Plaintiff–Respondent.

No. 53346.

Missouri Court of Appeals, Eastern District, Division Four.

March 29, 1988.

Thomas R. Motley, Public Defender, Hannibal, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Movant, Lawrence H. Hutson, was convicted, after a jury trial, of murder in the first degree. He was sentenced to life imprisonment. That conviction was affirmed on direct appeal. *State v. Hutson*, 537 S.W.2d 809 (Mo.App.1976). Movant now appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant claims that his trial counsel was ineffective because he failed to raise on appeal the issue of the State's calling an alleged co-conspirator as a witness and causing that witness to invoke her privilege against self-incrimination in the presence of the jury.

At trial, defense counsel objected to the witness testifying for the State because he had reason to believe the prosecutor knew she would not testify but would take the Fifth Amendment. Defense counsel argued it would be prejudicial to defendant if the witness took the Fifth Amendment in front of the jury. The prosecutor responded that he did not know, and would not know, if the witness would refuse to testify until she took the stand. The trial court overruled the objection. When called to testify, the witness exercised her right against self-incrimination on virtually every question asked by the prosecutor.

To prevail on a claim of ineffective assistance of counsel a defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979). Movant must show that there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. *Strickland*, 466 U.S. at 697, 104 S.Ct at 2069. In determining whether a reasonable probability exists, the court must consider the *totality* of the evidence before the fact finder. *Id.*

Appellate review in a Rule 27.26 proceeding is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Futrell v. State*, 667 S.W.2d 404, 405 (Mo. banc 1984). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, an appellate court is left with the "definite and firm impression that a mistake has been made." *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.1985).

As a general rule, it is not improper for the trial court to require a witness to invoke the privilege against self-in-

crimination in the presence of the jury. *State v. Horne*, 691 S.W.2d 402, 404 (Mo. App.1985). "Restricting a party's right to call a witness to the stand upon the prediction of the other party that the witness will refuse to testify is tenuous and presents a real danger to the truth-seeking process of trials." *State v. Wright*, 582 S.W.2d 275, 281 (Mo. banc 1979). However, where there is a deliberate and flagrant attempt by the State to build its case from inferences arising from a witness asserting his privilege against self-incrimination a different result may obtain. *State v. Huffman*, 659 S.W.2d 571, 575 (Mo.App.1983). The decision to let the witness testify when it is claimed she will invoke the Fifth Amendment is addressed to the sound discretion of the trial court. *Wright* at 282.

■ We have reviewed the record of movant's murder trial. At best, defense counsel's objection raised the *possibility* that the witness would claim her Fifth Amendment Rights. There was no evidence of prosecutorial overreaching. The trial judge was clearly within his discretion in overruling the objection of defense counsel. Because there was no error at trial, counsel cannot be faulted for raising a non-meritorious point on appeal. *See Shaw v. State*, 686 S.W.2d 513, 516 (Mo.App. 1985). Thus, movant failed to satisfy the first part of the *Strickland* test in that he did not show his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. Movant's point is denied.

The judgment is affirmed.

SIMON, P.J., and GRIMM, J., concur.