David Eugene BAINTER, Appellant,

v.

STATE of Missouri, Respondent.

No. 53350.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 24, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 22, 1988.

Application to Transfer Denied
July 26, 1988.

Frank J. Niesen, Jr., St. Louis, for appellant.

Terry Neihoff, Hillsboro, for respondent.

CARL R. GAERTNER, Judge.

Movant, David Bainter, appeals the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted of two counts of second degree murder and one count of assault with intent to do great bodily harm. We affirm.

Some procedural history is necessary. The offenses in question occurred on October 15, 1976, and defendant was sentenced on December 16, 1977. The motion for new trial was filed six days later, thus plaintiff's direct appeal was reviewed under a plain error standard. Rule 29.12(b). On appeal, this court affirmed the trial court's judgment. *State v. Bainter*, 608 S.W.2d 429 (Mo.App.1980).

On March 23, 1981 movant filed his pro se Rule 27.26 motion and the motion was dismissed seven days later. On appeal this court reversed and remanded with instructions to appoint motion counsel. *Bainter v. State*, 637 S.W.2d 811 (Mo.App.1982). Judge Hess, who heard the original Rule 27.26 motion, disqualified himself on August 20, 1982 and Judge Patterson disqualified himself on January 13, 1983. The Missouri Supreme Court then appointed Judge Brackman on January 26, 1983. At some point Judge Brackman was in turn disqualified. On April 12, 1983 movant filed a writ of mandamus with the Missouri Supreme Court seeking appointment of a new judge, appointment of counsel, and other relief. The court denied the writ, but five days later appointed Judge Murphy to hear the case. Two months later, a public defender was appointed as motion counsel, but Bainter moved to disqualify both that attorney and the office of the public defender. Bainter personally filed a motion to disqualify Judge Murphy on August 15, 1984. Judge Arthur Litz and new counsel were subsequently added to the case. There followed three years of continuances, some at Bainter's request. Finally, Judge Litz held an evidentiary hearing on the motion on April 24, 1987. On May 28, 1987, Judge Litz denied the motion and this appeal ensues.

I

Bainter first claims that the motion court erred in not finding his trial counsel, Mr. Clinton Almond, ineffective for failure to file a timely motion for new trial. To prevail on such a claim, movant must show both that his trial counsel was ineffective and that counsel's failure resulted in prejudice. *State v. Harvey*, 692 S.W.2d 290, 292

(Mo.banc 1985). The motion court found that movant was not prejudiced by the late filing since the appellate court reviewed all the points on appeal and found "no error much less plain error," *State v. Bainter*, 608 S.W.2d 429, 432 (Mo.App.1980). This court expressed an identical opinion when we reviewed the dismissal of movant's original 27.26 motion. *Bainter v. State*, 637 S.W.2d 811, 812 (Mo.App.1982).

Movant argues that, under *Robinson v. Wyrick*, 635 F.2d 757 (8th Cir.1981), when an ineffective assistance claim is based on conduct which deprives movant of his right to appeal, prejudice is not an issue. Robinson and the cases on which it relies, however, are concerned with a total deprivation of appellate review and simply hold that consideration of the possible merits of an appeal is a matter, in the first instance, for the state appellate process, not the federal courts. These cases do not involve situations where the defendant did in fact receive some form of appellate review and that review determined that the allegations of error were meritless. In Missouri, a movant is not entitled to relief under Rule 27.26 where, despite untimely filing of a notice of appeal, all the points of error were reviewed for plain error and the movant identifies no point that would have been ruled differently under a stricter standard. *Gant v. State*, 661 S.W.2d 675 (Mo. App.1983). Movant made no such showing and thus is not entitled to relief on this point.

## II

■ Movant's second point on appeal charges error in failing to find trial counsel ineffective for not investigating and not suggesting to the trial court movant's lack of mental capacity to understand the proceedings and to assist in his defense. § 552.020.1 RSMo 1986.[1] At the evidentiary hearing on the motion, Dr. Mohammed Kabir, a psychiatrist, expressed his opinion that movant was not competent to stand trial. Although Dr. Kabir did not address that question when he treated movant in 1977, he reviewed his ten-year-old notes prior to the hearing and concluded that in 1977 movant would not have been able to comprehend what was being talked about or cooperate with a good association of thought. By deposition Dr. Randall Purdy, a psychologist, testified unequivocally that movant was perfectly competent. In his 1977 report, Dr. Purdy noted movant's conversation to be "coherent, relevant, and normally productive." He found movant to have adequate concentration, essentially intact memory and orientation, and an average intelligence. Dr. Kabir agreed with all of Dr. Purdy's findings, although, viewing them in retrospect, he reached a different conclusion regarding movant's competence.

In addition, the transcript of movant's trial testimony was before the motion court. We have reviewed this testimony and find it to be lucid and minutely detailed. Movant's answers to direct and cross-examination were responsive and dispel any notion that he lacked comprehension.

We are instructed by *Sanders v. State*, 738 S.W.2d 856 (Mo.banc 1987), to evaluate a charge of ineffective assistance of counsel in the light of the two pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674, 693 (1984). Thus a movant seeking to vacate his conviction on the grounds of ineffective assistance of counsel has the heavy burden of proving both that his counsel's performance was deficient, and that he was prejudiced thereby. Deficient performance is a failure to exercise the skill and diligence of a reasonably competent attorney under similar circumstances; counsel's conduct must be viewed, without hindsight, from his perspective at the time of trial. *Sanders*, 738 S.W.2d at 858.

1. The state challenges the sufficiency of the allegations of the Rule 27.26 motion to raise this issue. Because the motion court did receive evidence on the issue without objection, we will address the merits of the point on appeal. *Guinan v. State*, 726 S.W.2d 754, 756–57 (Mo.App. 1986) cert. denied —— U.S. ——, 108 S.Ct. 210, 98 L.Ed.2d 161 (1987).

Prejudice is shown by proof creating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

The evidence adduced at the motion hearing, viewed from the perspective of counsel at the time without the distorting effects of hindsight, shows that Mr. Almond's failure to challenge movant's competency was reasonably within prevailing professional norms under all the circumstances. Moreover, balancing Dr. Kabir's retrospective opinion that movant was incapable of comprehending what was being talked about against Dr. Purdy's unequivocal opinion that movant was perfectly competent and the lucidity and responsiveness of movant's trial testimony, the evidence fails to develop a reasonable probability of a different result had counsel challenged movant's competency. We find no merit in movant's second point.

### III

■ Movant's final point is a novel argument claiming that the totality of counsel's actions at trial resulted in ineffective assistance. Movant does not cite nor are we aware of any authority for the proposition that errors may be aggregated to cumulatively produce ineffective assistance. Consequently, we will independently examine each of the four additional points of error which the brief identifies and which were raised in the 27.26 motion.

■ Movant contends that trial counsel should have entered a plea of not guilty by reason of insanity. To be entitled to relief under such a contention, movant must prove that mental disease or insanity was a viable defense. *Guinan v. State,* 726 S.W. 2d 754, 758 (Mo.App.1986) cert. denied —— U.S. ——, 108 S.Ct. 210, 98 L.Ed.2d 161 (1987). The basis for movant's argument is Dr. Purdy's conclusion, adopted by Dr. Kabir, that although at the time of the homicides movant was capable of comprehend-

ing that his behavior violated the law, he was unable to make his behavior conform to the law. In his testimony Dr. Purdy made clear that he based his conclusion solely upon movant's alcoholism. He also made clear that this alcoholism was without psychosis. Section 552.010 RSMo 1986 expressly excludes from the definition of mental disease or defect "an abnormality manifested only by repeated criminal or otherwise antisocial conduct" and "alcoholism without psychosis." Dr. Purdy testified that in addition to the alcoholism, which rendered movant incapable of conforming his conduct to the requirements of the law, he also exhibited what was then called a sociopathic personality and is now known as an antisocial personality disorder, with resultant secondary depression over his alienation of others. Such a diagnosis obviously falls within the statutory exclusion from mental disease or defect excluding responsibility. For purposes of Chapter 552, RSMo 1986, mental disease or defect does not include alcoholism without psychosis or antisocial personality. See *State v. Vansandts,* 540 S.W.2d 192, 203 (Mo.App.1976). In the absence of some evidence showing a likelihood of successfully asserting a plea of not guilty by reason of mental disease or defect, movant is not entitled to relief on this point.

■ In arguing that counsel was ineffective in failing to seek suppression of his confession and the murder weapon discovered as a result of his cooperation, movant contends the comment by his deputy sheriff brother-in-law, that it would go easier on movant if he gave a statement, required suppression. We disagree. Such vague suggestions, as opposed to specific promises of leniency, do not render an accused's statement involuntary. See *State v. Dixon,* 655 S.W.2d 547, 556 (Mo.App.1983) cert. denied 464 U.S. 1072, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984); *State v. Rickey,* 658 S.W.2d 951, 954 (Mo.App.1983).

■ Moreover, the admission of movant's confession did not prejudice him because his trial testimony did not vary materially from the confession. *State v. Tettamble,* 720 S.W.2d 741, 743 (Mo.App.1986).

Indeed, Mr. Almond testified at the motion hearing that he determined as a matter of trial strategy not to attempt to exclude the confession because he felt the emotional content would create sympathy with the jury. He considered the confession a factor contributing to the verdict of second degree, rather than capital, murder. When the decision to forego a motion to suppress is a matter of trial strategy, we will not "second guess" counsel and find him ineffective. See *Stubenrouch v. State*, 752 S.W.2d 327 (E.D.Mo.1988).

 Movant summarily alleges that Almond failed to call a seven year old witness who could have testified to support a possible self-defense instruction. The motion court held this witness's testimony, if it were competent, would merely have been cumulative. Failure to call a cumulative witness is not ineffective assistance warranting relief absent a clear showing that the testimony would have been helpful. *Wickman v. State*, 693 S.W.2d 862, 867 (Mo.App.1985). Neither at the trial, the motion hearing, or in his brief has movant suggested what evidence might be expected from this child, other than testimony about a "heated discussion." Movant has clearly failed to demonstrate prejudice from a failure to call this witness.

Finally, ineffective assistance is charged by reason of counsel's failure to use all of his peremptory strikes during jury selection. At the time of the trial, a defendant was allowed twelve strikes, but Almond took only nine. Movant does not suggest what prejudice he suffered as a result thereof. He does not allege that the jury was unfair or prejudiced, a prerequisite to relief based upon a charge of erroneous use of peremptory challenges. *State v. Thomas*, 530 S.W.2d 265, 267–68 (Mo.App. 1975), aff'd 548 S.W.2d 564 (Mo.banc 1977).

The judgment is affirmed.

GRIMM, J., and SIMEONE, Senior Judge, concur.