Charles ROBINSON, Movant,

v.

STATE of Missouri, Respondent.

No. 54278.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 27, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 9, 1988.

Application to Transfer Denied
Dec. 13, 1988.

Mary Clare McWilliams, Asst. Public Defender, St. Louis, for movant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Charles Robinson, was convicted after a jury trial of second degree murder and sentenced to a term of thirty years' imprisonment. That conviction was affirmed on direct appeal. *State v. Robinson,* 660 S.W.2d 41 (Mo.App.1983). Movant then brought this Rule 27.26 [1] motion alleging ineffective assistance of counsel. Movant appeals from the denial of that motion after an evidentiary hearing. We affirm.

In his sole point on appeal, movant claims the motion court was clearly erroneous when it found that movant was not denied effective assistance of counsel because trial counsel failed to present all

---

1. Rule 27.26 was repealed, effective January 1, 1988. However, this appeal is governed by Rule 27.26 because the sentence was pronounced prior to January 1, 1988, and movant's Rule 27.26 motion was then pending. *See* Rule 29.15, effective January 1, 1988.

available evidence in support of movant's "not guilty by reason of mental disease" defense. The State argues that the decision not to call certain witnesses was a matter of trial strategy having no prejudicial effect on the outcome of the trial.

■ To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Hutson v. State,* 747 S.W.2d 770, 771 (Mo.App.1988).

■ Counsel is vested with broad latitude regarding trial strategy decisions. *State v. Johnson,* 714 S.W.2d 752, 766 (Mo. App.1986). An attorney's decision to refuse to call a witness who will not unqualifiedly support his client's position is a matter of trial strategy. *Walker v. State,* 715 S.W.2d 261, 262 (Mo.App.1986).

■ While being cross-examined at the Rule 27.26 evidentiary hearing, Dr. Shuman, one of the witnesses that movant's trial attorney failed to call, responded that "it would appear that [movant] knew very well what he was doing with his rifle and his intent was clear." This statement obviously contradicts movant's defense.

Movant's contention that the testimony of two other witnesses, Reverend and Mrs. Hardin, would have aided his defense is without merit. Movant claims they would have testified that they saw movant "acting strangely the day before the crime." As the trial court found, the testimony of these witnesses would have "added very little to the evidence concerning defendant's mental condition before the shooting. Certainly, it was not essential to his defense of mental disease or defect." Movant further avers that his trial attorney should have called Leo Deline, a fourth witness, to testify at movant's trial as to movant's bizarre behavior just before the shooting. Once again, as the trial court found, there is no evidence in the record why Deline failed to testify in the trial, and the decision may have been the result of trial strategy. Movant has failed to show

that any of these decisions were other than a matter of trial strategy, nor has movant demonstrated any possible prejudice.

■ Additionally, as the trial court found, much of same testimony which movant claims should have been given at his trial would have been cumulative had the witnesses so testified. Many of Dr. Shuman's conclusions were simply restatements of the evaluations given by witnesses who actually testified at trial. Failure to produce cumulative evidence is not ineffective representation. *See Baker v. State,* 670 S.W.2d 597, 599 (Mo.App.1984); *Wickman v. State,* 693 S.W.2d 862, 867 (Mo. App.1985).

We conclude that the trial court's findings, conclusions, and judgment are not clearly erroneous. Rule 27.26(j). The judgment is affirmed.

REINHARD and CRIST, JJ., concur.