Tony KOONCE, Appellant,

v.

STATE of Missouri, Respondent.

No. 54517.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 21, 1989.

Application to Transfer Denied
May 16, 1989.

Janis C. Good, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Movant appeals from the denial of his Rule 27.26 motion after evidentiary hearing. We affirm.

On November 19, 1985 a jury found movant guilty of two counts of forcible rape, one count of attempted sodomy, and one count of forcible sodomy. These convictions were affirmed on direct appeal. *State v. Koonce,* 731 S.W.2d 431 (Mo.App. 1987). The sordid details of these crimes are set forth in that opinion and need not be repeated here.

On October 21, 1987 movant filed a pro se motion to vacate these convictions pursuant to Rule 27.26. Counsel was appointed and an amended motion was filed. An evidentiary hearing was held on January 8, 1988. On January 28, 1988 the motion judge entered his order denying the motion together with Findings of Fact and Conclusions of Law.

Movant asserts two points on appeal: 1) ineffective assistance of counsel in failing to investigate, subpoena and call to testify movant's mother who would have testified the victim's demeanor after the alleged attacks was calm, and 2) violation of his sixth and fourteenth amendment rights as a result of his trial counsel's stipulation, allegedly without movant's consent, to a prior rape conviction.

Our review of a 27.26 motion is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo.banc 1987). We must affirm unless we are left with a "definite and firm impression that a mistake has been made." *Id.* In rejecting movant's contentions we need look no further than the prejudice prong of the burden imposed upon a movant seeking post-conviction relief. *Id.* To establish prejudice, a movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Frederick v. State,* 754 S.W.2d 934, 936 (Mo. App.1988) quoting from *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d, 674, 698 (1984).

At the motion hearing movant's mother testified that she was away from her home while movant and the victim were upstairs in his room. They were coming down the steps when she returned. The victim did not appear to be upset. Movant infers that this evidence would have generated doubt over whether or not the sexual assaults occurred or that they were consensual. However, this evidence would have been merely corroborative of the victim's own testimony. She admitted that she attempted to be cool, calm and collected out of fear for her safety because of movant's threats. Failure to call a witness whose testimony would merely be cumulative to evidence already before the jury is not ineffective assistance warranting relief. *Bainter v. State,* 752 S.W.2d 933, 937 (Mo.App. 1988); *Wickman v. State,* 693 S.W.2d 862,

867 (Mo.App.1985). Lack of prejudice from such failure is especially apparent when the cumulative evidence would be corroborative of the victim's own testimony.

 Nor can we find prejudice to movant because his trial attorney stipulated to the fact movant had previously been convicted of rape. Movant admits this conviction. The records to prove the conviction were available to the trial court. That trial counsel stipulated to an admitted fact, rather than requiring the formality of a clerk's testimony to qualify court records, does not rise to the level of a professional error, nor does it suggest a different result were it not for the stipulation.

The JUDGMENT is AFFIRMED.

PUDLOWSKI, C.J., and SATZ, J., concur.