**Darryl HENDERSON, Appellant.**

v.

**STATE of Missouri, Respondent.**

**No. 54550.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 11, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 9, 1989.

Application to Transfer Denied
June 13, 1989.

Michael Todt, St. Louis, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Chief Judge.

Movant, Darryl Henderson was convicted of murder in the second degree and burglary in the first degree on May 2, 1985. Movant was sentenced on May 31, 1985, by the Honorable Jack Koehr to life imprisonment on the murder-second-degree charge and to thirty years imprisonment on the burglary-first-degree charge. Movant's convictions were affirmed on direct appeal.

*State v. Henderson,* 708 S.W.2d 211 (Mo. App.1986).

On October 21, 1987, movant filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 27.26.[1] An amended motion was filed by appointed counsel on November 16, 1987, on behalf of movant. Movant's motions attacked the effectiveness of his trial counsel, Mr. Gary Krautmann. An evidentiary hearing took place before the Honorable Thomas F. McGuire on December 4, 1987, and December 11, 1987. At the evidentiary hearing, movant presented testimony from several witnesses and took the stand himself. Testimony was presented on behalf of respondent by movant's trial counsel, Gary Krautmann. On February 1, 1988, the motion court denied movant's motion and this appeal follows.

Movant's sole point on appeal is that the trial court erred by denying his 27.26 motion when movant proved by a preponderance of the evidence that his attorney failed to investigate witness Ron Henderson who would have testified that he saw movant at movant's home on the morning prior to the murder. Appellant further alleges that his attorney failed to investigate whether scars on movant's hands were present before the alleged murder.

▮ To substantiate a claim of ineffective assistance of trial counsel, it is incumbent upon movant to show 1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and 2) that he was thereby prejudiced. *Robinson v. State,* 760 S.W.2d 516, 517 (Mo.App.1988). Moreover, the movant must prove his allegation by a preponderance of the evidence. Rule 27.26(f). Appellate review of a denial of post-conviction relief under Rule 27.26 is limited to a determination of whether the findings, conclusions and judgment of the motion court

are clearly erroneous. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). The motion court's findings and conclusions are clearly erroneous only if the review of the record leaves the court with a firm impression that a mistake has been made. *Curtis v. State,* 759 S.W.2d 860, 861–62 (Mo.App. 1988).

▮ At the evidentiary hearing, movant's attorney, Mr. Krautmann, testified that he had not been "presented with Ron Henderson as a potential witness." Counsel cannot be deemed to be ineffective for failing to investigate a witness of whose existence he is not informed. *Robinson v. State,* 643 S.W.2d 8, 10 (Mo.App.1982). Mr. Krautmann further testified that he called movant's mother and sister to testify as alibi witnesses during trial. Both witnesses' testimony was substantially similar to the testimony that would have been given by Henderson. Had Henderson testified his testimony would have only been cumulative of the testimony of movant's mother and sister. Failure to produce cumulative evidence does not constitute ineffective assistance of counsel. *Baker v. State,* 670 S.W.2d 597, 599 (Mo.App.1984).

▮ Concerning counsel's failure to call an expert witness to testify that scars on movant's hands existed prior to the murder, testimony by a witness during the trial indicated that movant had sustained the injury to his wrist and hands prior to the murder. An attorney's choice of witnesses is a matter of trial strategy because an attorney handling a trial is in the best position to know how a witness's testimony may help or hinder his client. *Stokes v. State,* 688 S.W.2d 19 (Mo.App.1985). In this case any testimony by an expert would have been cumulative. As previously noted, counsel is not ineffective when he does not call a witness whose testimony would be cumulative. *Baker v. State,* 670 S.W.2d at 599. We, therefore, find that trial coun-

---

1. Missouri Rule of Court 27.26 was repealed effective January 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provisions of Rule 27.26 because the sentence was pronounced prior to January 1, 1988, and appellant's motion under Rule 27.26 was then pending. Rule 29.15.

sel was not ineffective in his representation of movant.

Judgment of the trial court affirmed.

CARL R. GAERTNER and CRANDALL, JJ., concur.