**Eddie GREER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 42057.**

Missouri Court of Appeals,
Western District.

May 8, 1990.

Daniel C. Miller, Special Public Defender, Gerald F. McGonagle, Asst. Public Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, C.J., FENNER, J. and WASSERSTROM, Senior Judge.

FENNER, Judge.

Eddie L. Greer appeals the denial of his motion, following an evidentiary hearing, for post-conviction relief pursuant to Rule 29.15. Greer's motion sought to vacate convictions of two counts of kidnapping, two counts of forcible rape, two counts of sodomy and two counts of armed criminal action, for which he received sentences totalling 620 years. Greer's convictions and sentences were affirmed on direct appeal to this court in *State v. Greer*, 609 S.W.2d 423 (Mo.App.1980), vacated on other grounds, 450 U.S. 1027, 101 S.Ct. 1735, 68 L.Ed.2d 222 (1981).

Two related points are raised by Greer in this appeal, each pertaining to the introduction at trial of the hypnotically refreshed testimony of the victims.

In his first point, Greer alleges that his trial counsel was ineffective in failing to object to the hypnotically refreshed testimony of the victims on the grounds that post-hypnotic evidence had not gained general acceptance in the field of psychology and was therefore inadmissible under that standard enunciated in *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923). In *Frye*, the court held that scientific evidence was admissible only if it gained general acceptance in its field.

■ Greer's ineffectiveness argument must fail. Simply put, at the time of Greer's trial and at the time this court issued the opinion in Greer's direct appeal, the majority view was that such hypnotically refreshed testimony was admissible. *See, Greer*, 609 S.W.2d at 434 (extensively discussing the current state of the law at that time). To be sure, the Missouri Supreme Court in *Alsbach v. Bader*, 700 S.W.2d 823, 830 (Mo. banc 1985), has subsequently ruled that hypnotically induced testimony was inadmissible under the *Frye* standard of reliability and accuracy and is *per se* inadmissible in civil cases. However, counsel can hardly be said to have been ineffective for failing to object to what was then the majority view on the issue. Moreover, counsel is not ineffective for failing to anticipate a change in the law. *Roberts v. State*, 775 S.W.2d 92, 95 (Mo. banc 1989).

■ Greer also argues that counsel was ineffective for failing to hire an expert to testify regarding the effects of hypnosis on memory. Given the current state of the law at the time and, in particular, considering that the question of whether to obtain an expert is one of trial strategy which cannot be the basis of an ineffectiveness claim, counsel cannot be charged with error. *See, Jackson v. State*, 540 S.W.2d 616, 617 (Mo.App.1976) and *Henderson v. State*, 770 S.W.2d 422, 423–24 (Mo.App. 1989). Point I is overruled.

In his second point, Greer argues that the motion court was "clearly erroneous" in refusing to vacate his convictions and sentences because the admission of the victims' posthypnotic identification testimony violated his rights, pursuant to the Constitutions of Missouri and the United States, to cross-examine witnesses against him. In addition, Greer reargues that his counsel

was ineffective for failing to object to said testimony.

■ Greer overlooks the case of *State v. Reasonover*, 714 S.W.2d 706 (Mo.App. 1986), *cert. denied*, 480 U.S. 936, 107 S.Ct. 1580, 94 L.Ed.2d 771 (1987), which is noted by the State, in his apparent attempt to relitigate the issue of the admissibility of the complained of testimony. Although not directly stated, Greer seems to ask this court, relying on the *Alsbach* decision, to remand the case for a new trial. However, in *Reasonover*, 714 S.W.2d at 720, the court held that *Alsbach* involved a change in an evidentiary rule and, therefore, was to be only applied prospectively. *Alsbach* applies only to cases tried subsequent to November 21, 1985, the date that case was decided. *Reasonover*, 714 S.W.2d at 720. Greer was tried well prior to that time. Thus, the rule in *Alsbach* is not applicable herein. Point II is denied.

The judgment is, in all respects, affirmed.

All concur.