**David Eugene BAINTER, Appellant,**

v.

**Myrna E. TRICKEY, Appellee.**

No. 89–2247.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1990.

Decided May 3, 1991.

Frank J. Nisene, St. Louis, Mo., for appellant.

William Bryan, Jefferson City, Mo., for appellee.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOODS,* District Judge.

BRIGHT, Senior Circuit Judge.

Appellant David Eugene Bainter appeals the district court's [1] denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. He seeks relief from his Missouri convictions for two counts of second degree murder and one count of assault to do great bodily harm without malice. Bainter makes two arguments on appeal. First, he contends that he received ineffective assistance of counsel because his trial counsel failed to timely file a motion for a new trial. Second, he contends that he was not competent to stand trial and that his trial attorney provided ineffective assistance by failing to investigate and introduce Bainter's competency as an issue at trial. We affirm.

## I. BACKGROUND

On December 10, 1978, a Missouri jury convicted Bainter of two counts of second degree murder and one count of assault with intent to do great bodily harm without malice aforethought. The convictions arose out of an October 15, 1977 shooting incident in Arnold, Missouri. Following the conviction, Bainter, who had testified in his own defense, expressed remorse for having committed the murders and stated that he felt he deserved to be punished. On December 16, 1978, the trial court sentenced him to two consecutive life terms for the murders and an additional consecutive five-year term for the assault.

Bainter's trial counsel filed a motion for a new trial on January 25, 1978, forty-six days after the jury returned its verdict. The trial court denied the motion as untimely because Bainter had failed to file his motion within forty days of the jury's verdict, as required under former Missouri Supreme Court Rule 27.20(a).

On direct review, the state appellate court ruled that because Bainter had not filed a timely motion for a new trial, he had not properly preserved his claims for direct review. Thus, the court reviewed Bainter's claims only for plain error. After examining the trial record, the appellate court stated that it found "no error much less plain error" and affirmed the convictions. *State v. Bainter*, 608 S.W.2d 429, 432 (Mo. Ct.App.1980).

Bainter subsequently filed a motion for post-conviction relief pursuant to former Missouri Supreme Court Rule 27.26. The Rule 27.26 court conducted a full evidentiary hearing on the issues now before this court. Specifically, the 27.26 court heard extensive testimony and received evidence regarding Bainter's claims that he received ineffective assistance of counsel because (1) his attorney failed to timely file a motion for new trial, foreclosing Bainter's opportunity for a complete direct review of his convictions; and (2) his attorney failed to properly investigate and raise before the trial court Bainter's competency to stand trial.

The Rule 27.26 court concluded that trial counsel had not provided ineffective assistance by his failure to timely file a motion for new trial. The 27.26 court found that Bainter initially had not wished to pursue an appeal following his conviction and determined that because the state appellate court had reviewed all of Bainter's points on appeal for plain error, Bainter had suffered no prejudice. The 27.26 court also found that Bainter was competent at the time of his trial, and therefore was not prejudiced by counsel's failure to investigate and raise this issue at trial.

The Missouri Court of Appeals affirmed the findings and conclusions of the Rule 27.26 court and the Missouri Supreme

---

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Edward Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

Court denied further review. *Bainter v. State*, 752 S.W.2d 933 (Mo.Ct.App.1988). Bainter subsequently filed this petition for a writ of habeas corpus, asserting numerous grounds for relief. The district court referred the petition to a magistrate judge who reviewed the pleadings and recommended that the petition be denied. The district court, after considering Bainter's objections, accepted the findings and recommendation of the magistrate judge and denied the petition. Bainter then appealed to this court, reasserting his contentions that he received ineffective assistance of counsel because his trial attorney (1) failed to timely file a motion for new trial and (2) failed to investigate and raise Bainter's competency as an issue at trial.

## II. DISCUSSION

### A. Failure to Timely File Motion for New Trial

■ Bainter argues that he received ineffective assistance of counsel because of his attorney's failure to timely file a motion for a new trial. Bainter asserts that counsel's deficient performance deprived him of his right to a direct appeal of his convictions before the state appellate court. We reject Bainter's contentions.

■ A defendant's right to effective assistance extends beyond the trial proceedings through his first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Bell v. Lockhart,* 795 F.2d 655, 657 (8th Cir.1986). This circuit has recognized that a defendant has been denied effective assistance of counsel when the malfeasance or nonfeasance of counsel effectively deprives the defendant of a fair appellate review of his conviction. *E.g., Bell v. Lockhart,* 795 F.2d at 657.

We analyze such claims of ineffective assistance under the now axiomatic standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Bell v. Lockhart,* 795 F.2d at 657 & n. 6; *Beavers v. Lockhart,* 755 F.2d 657,

660–61 (8th Cir.1985). Under this standard, Bainter must establish that counsel provided deficient performance, meaning that it fell below an objective standard of reasonableness when considered in light of the circumstances surrounding the case, and that he suffered prejudice as a result. *See, e.g., Couch v. Trickey,* 892 F.2d 1338, 1343 (8th Cir.1989); *cf. Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988). We conclude that Bainter has failed to meet his burden of proof under the first prong of the *Strickland* test.[2]

The Rule 27.26 court conducted an evidentiary hearing at which it received conflicting testimony from Bainter and his trial attorney. Bainter testified that he always intended to appeal his convictions. His trial attorney, on the other hand, testified that Bainter initially did not wish to pursue an appeal following his conviction. The attorney stated that Bainter later changed his mind, at which time his attorney filed a motion for new trial and, later, a motion to file an appeal out of time. The Rule 27.26 court also considered Bainter's previous statements (to the sentencing court) in which he expressed remorse about the murders and stated that he felt he deserved to be punished. Although the court acknowledged that the evidence regarding Bainter's initial desire to appeal was "ambiguous," it concluded that Bainter had failed to meet his burden and found, in effect, that Bainter initially did not desire to appeal his convictions.

"[A] state court's specific factual findings made in the course of deciding an ineffective assistance of counsel claim are presumed correct pursuant to 28 U.S.C. § 2254(d)." *Couch v. Trickey,* 892 F.2d at 1341 (8th Cir.1989) (citing *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981)). Thus, the 27.26 court's finding of fact to the effect that Bainter initially did not wish to appeal his convictions is entitled to a presumption of correctness unless

2. This court has yet to consider whether deficient attorney performance resulting in mere plain error review on appeal constitutes auto-matic *Strickland* prejudice. Because of our holding in the present case, we leave this question for another day.

we can say that it is not fairly supported by the record. 28 U.S.C. § 2254(d)(8).

Having examined the record from the 27.26 proceedings, we are unable to make such a statement. Because Bainter did not initially wish to appeal his convictions, we conclude that counsel's initial failure to file a motion for a new trial did not fall below an objective standard of reasonableness. We therefore affirm the ruling of the district court. *Cf. Pinson v. Morris,* 830 F.2d 896 (8th Cir.1987) (trial counsel's failure to file appeal is objectively reasonable where post-conviction court, even on basis of "ambiguous" record, finds that habeas petitioner never asked trial counsel to pursue appeal).

**B. Competency**

■ Bainter presents two arguments regarding his competency. First, he contends that he was not competent to stand trial and therefore, according to the dictates of *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the trial court improperly convicted him. The district court deemed review of this claim procedurally barred because Bainter failed to raise it before the state court. Bainter offers no arguments which might demonstrate "cause" and "prejudice" for his procedural default. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). We therefore affirm the district court's determination that this claim is procedurally barred.

■ Second, Bainter asserts that trial counsel provided ineffective assistance because he failed to properly investigate Bainter's psychological condition and raise it as an issue at trial. After analyzing this claim under the *Strickland* standard for ineffective assistance and according a presumption of correctness to the state court's findings regarding competency, *Davis v. Wyrick,* 766 F.2d 1197 (8th Cir.1985), *cert. denied,* 475 U.S. 1020, 106 S.Ct. 1209, 89 L.Ed.2d 322 (1986), we reject Bainter's assertion.

The 27.26 court received extensive evidence regarding Bainter's competency, including the testimony of psychiatrist Mo-hammed Kabir and psychologist Richard Purdy, each of whom examined Bainter prior to trial. Both Kabir and Purdy had arrived at similar diagnoses when they examined Bainter in 1977. However, neither doctor addressed the question of Bainter's competency to stand trial in their 1977 reports. At the Rule 27.26 proceedings in April 1987, ten years after they had examined and treated Bainter, the two doctors offered differing opinions on the issue of his competency. Purdy stated that Bainter was competent, while Kabir opined that Bainter was not competent at the time of his trial.

In addition to the medical evidence, the Rule 27.26 court also considered the transcript of Bainter's trial testimony and found Bainter's testimony to be "lucid[,] ... minutely detailed ... and responsive." *Bainter v. State,* 752 S.W.2d at 935. After reviewing the evidence, both the Rule 27.26 court and the post-conviction appeals court found that Bainter was competent at the time of his trial. On the basis of these state court findings, reached after a full evidentiary hearing, we conclude that Bainter could not have been prejudiced even if we believed that his attorney's failure to investigate Bainter's mental condition fell below the *Strickland* objective standard of reasonableness. *Davis v. Wyrick,* 766 F.2d 1197 (8th Cir.1985). We therefore reject Bainter's final argument.

**III. CONCLUSION**

For the reasons stated above, we affirm the judgment of the district court and deny the petition for a writ of habeas corpus.