**Frederick W. TURNER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54423.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 28, 1989.

Frederick Wayne Turner, Jefferson City, pro se.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 27.26 motion. We affirm.

Movant was convicted of second degree murder for the murder of his son, and sentenced to 30 years imprisonment. The conviction was affirmed at 716 S.W.2d 462 (Mo.App.1986). Movant then filed his *pro se* 27.26 motion, raising the following ten points of error: 1) failure to state, in the information, specific facts supporting the charge; 2) failure to include the charge of manslaughter in the information; 3) failure to conform the instruction of self-defense to that "required by law", and failure of counsel to demand the correct instruction; 4) failure of counsel on appeal to order transcripts of closing arguments, which included prejudicial comments by the prosecution; 5) failure of counsel to object to the prosecution's evidence of "unrelated incidents and of the character of the movant" when movant had not yet testified nor had yet raised self-defense; 6) movant was tried for offenses for which he was not charged, such as other assaults and batteries; 7) failure of counsel to cite federal case law, thereby preventing movant from maintaining a federal habeas corpus action; 8) failure of counsel to obtain a psychiatric evaluation of movant; 9) movant's confession was obtained in violation of his constitutional rights, and 10) the jury, in sentencing, considered charges for which movant was not being tried.

After a hearing at which movant personally appeared, the motion court found on March 27, 1987, that movant was not indigent and did not qualify for representation by a public defender. Movant was advised that the State's Motion to Dismiss was set for May 7, 1987, without oral argument. Movant then filed various motions, including a "Motion For Extension of Time in Which to Complete Discovery, to Investigate the Facts, and to Amend the Motion and for Psychiatric Examination", a motion for the assistance of a paralegal and a motion for leave to take depositions via cassette recorder.

On May 7, 1987, the court denied movant's 27.26 motion without a hearing. The court issued findings of fact and conclusions of law, concluding: 1) movant's claims of ineffective assistance of counsel involved matters of trial strategy and were inadequate bases for attack; 2) neither the

information nor the self-defense instruction was deficient; 3) the claims regarding movant's confession and the jury's consideration of other offenses in sentencing movant were conclusory, failing to set forth specific facts. The court further found that any facts alleged in the motion were refuted in the record.

Movant raises two points on appeal. First, that the motion court abused its discretion in dismissing movant's claim after movant requested additional time to investigate, amend his motion, for discovery, psychiatric evaluation, and assistance of a paralegal. Second, that the court abused its discretion in dismissing movant's claims because his claims "individually and collectively required a hearing".

Our review is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous. We must be left with a definite impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Movant has not alleged specific facts not refuted by the record, which, if proven, would entitle him to relief. *Allbritton v. State*, 747 S.W.2d 687, 688–89 (Mo.App.1988). We will address movant's points as presented before the motion court.

## I

■ Movant charges that the information "written in generic terms was totally inadequate as a matter of law, and failed to plead facts...." He does not suggest what additional facts were necessary. The information is in substantial compliance with MACH–CR 13.04 (1984 New), the form approved by the Supreme Court. Rule 23.01(e). The information clearly fulfilled its twofold purpose of informing the accused of the charge against him and of precluding retrial on the same charge if he had been acquitted. *State v. Holland*, 653 S.W.2d 670, 674 (Mo. banc 1983). We find no error.

## II

■ Movant next contends that the complaint, signed by his ex-wife and "filed in the magistrate court", which charged him with manslaughter, should have precluded the prosecuting attorney from subsequently filing an information charging him with murder second degree. Not only is this contention without merit, it is refuted by the record. His ex-wife executed a sworn complaint pursuant to Rule 22.03 which served as a basis for the issuance of an arrest warrant. This complaint charged movant with murder second degree and, in an alternative second count, with the Class C felony of involuntary manslaughter. The prosecuting attorney had the discretion to file an information charging movant with the degree of homicide he believed the facts supported.

## III

Movant's third complaint charges instructional error. Instruction No. 8 submitted by movant's trial counsel, instructed the jury on the defense of justifiable use of force in self-defense. MAI–CR2d 2.41.1. He now contends the trial court erred, and that his trial counsel was ineffective, by not instructing the jury that he was justified not only to act in self-defense but also to protect his property, to protect his person from assault and battery and to protect against a felony.

■ Generally, allegations of instructional error are matters for review on direct appeal, not in post-conviction proceedings. *Cherry v. State*, 660 S.W.2d 361, 363 (Mo. App.1983); *Hulsey v. State*, 631 S.W.2d 368, 370 (Mo.App.1982). Nevertheless, we have examined the trial transcript and find no error. Apparently movant's contention is that the trial court, in addition to instructing on justifiable use of force in self-defense, should also have instructed on the justifiable use of force in defense of premises, MAI–CR2d 2.42, and in defense of property, MAI–CR2d 2.43. No evidence at the trial would require or even support the giving of such instructions. The motion court did not err in finding this contention refuted by the record.

## IV

Movant alleges he was denied effective assistance of counsel on appeal because the closing argument of the prosecutor, which contained prejudicial argument, was not included in the record on appeal. The bare allegation of "prejudicial argument" is a pure conclusion and fails to show movant entitled to an evidentiary hearing or to any relief. *Frazier v. State*, 738 S.W.2d 131, 133 (Mo.App.1987).

## V

Movant's next two points and his tenth point allege trial court error and ineffective assistance of counsel regarding the admission of evidence and the consideration by the jury of his involvement in other unrelated crimes. The only incidents referred to in the motion and transcript are other altercations with the victim and other members of movant's family. These are not unrelated incidents but are relevant to the issue of intent and justification. Once again, the motion court properly found these contentions to be refuted by the record.

## VI

Next movant contends that the failure of his appellate counsel to cite federal case law and federal authorities to support his motion to suppress statements has deprived him of the right to seek habeas corpus relief in the federal court. In support of this rather novel contention he cites Melvin Leroy *Tyler v. Wyrick*, 730 F.2d 1209 (8th Cir.1984), which stands for the principle that in a federal habeas corpus action exhaustion of state remedies requires presentation to the state court of all *facts* bearing on all constitutional claims. The contention is both meritless and inappropriate in a Rule 27.26 motion, as it does not constitute an attack upon the underlying sentence and judgment of conviction.

## VII

Movant charges ineffective assistance of counsel for counsel's failure to secure a psychiatric evaluation. The basis of his assertion that such an examination was necessary is that he had been through a divorce and had problems with his children and his ex-wife. He had also been repeatedly bothered by the Division of Family Services after certain individuals had filed unsubstantiated child abuse reports. He alleges his trial attorney had been informed of these problems and that the Division of Family Services requested he receive counseling. These allegations suggest only that movant's life was stressful. They fall far short of indicating movant was suffering from a mental disease or defect affecting his competence to stand trial or his culpable mental state. Movant has failed to allege facts which would indicate to his attorney there was some reasonable basis to believe his mental condition was questionable. In the absence of such facts, there was no duty imposed upon counsel to initiate an investigation of his client's mental state. *O'Neal v. State*, 724 S.W.2d 302, 305 (Mo.App.1987).

Moreover, movant's contention of ineffective assistance in failing to obtain and use psychiatric evidence as a defense is totally refuted by movant's own trial testimony. We have thoroughly reviewed the 80 pages of the trial transcript containing his testimony and we find it to be lucid and minutely detailed. His answers to direct and cross-examination were responsive and dispel any notion that he lacked comprehension. He described with particularity events occurring over several days before the homicide. His description of the shooting shows his actions to have been rational and deliberate, not impulsive or reactionary. He related that after his son hit him with his fist he went back to his house, retrieved a loaded rifle from inside the door, walked across the porch and fired at his son only because he was afraid his son, who had moved some distance away from the house, might be returning with a shotgun. He conceded the son had walked out of the light so that he could not be sure whether he was coming toward him or going away. Therefore, he insisted, it was not his intention to shoot his son in the back as shown by the physical evidence. The comprehensive nature of his testimony,

tending to establish self-defense, belies the existence of any defense of mental infirmity or diminished mental capacity. *See Bainter v. State,* 752 S.W.2d 933, 935 (Mo. App.1988); *O'Neal v. State,* 724 S.W.2d at 305.

## VIII

 Finally, movant contends he was denied due process because his "confession" was obtained in violation of his fifth and fourteenth amendment rights. The trial transcript fails to disclose a "confession"; only a volunteered spontaneous statement, "I didn't mean to do it", and a pre-custodial response to an inquiry about his possession of a weapon. Movant's claim of error in the admission of these statements was fully explored and rejected on direct appeal, 716 S.W.2d at 465–66, and will not be reconsidered here. Movant's suggestion that there is additional evidence on this point, that he was "told to cooperate and it would go easy on him", is inexplicable in view of the circumstances surrounding these spontaneous utterances.

None of the averments contained in movant's motion state facts not refuted by the record showing him to be entitled to relief. The court did not err in denying the motion without an evidentiary hearing.

## IX

 In his appellate brief movant states his first point relied on as follows:
Whether the lower court abused its discretion and acted clearly erroneous in dismissing this action when appellant asked for additional time to investigate the facts, to amend the motion, for discovery, for psychitric [sic] examination, for assistance of counsel, for assistance of a paralegal, whether the appellant was denied due process in violation of the 1st, 5th, and 14th amendments to the United States Constitution by the lower courts [sic] action in light of the above.

This point refers to a series of motions filed by movant after the March 27 hearing at which he was personally informed the court intended to rule on the State's motion to dismiss on May 7. Movant made no effort to amend his motion or to allege sufficient facts to state a claim on which relief could be granted. Nowhere does he state what he expects to discover by additional investigation. Having determined at the hearing that movant was not indigent, a finding not contested by movant, the court cannot be said to have abused its discretion by failing to appoint Melvin Leroy Tyler, a penitentiary inmate, to serve as a paralegal and "as a friend of the court", nor in refusing to order a "post-trial psychiatric examination". The court is not required to grant a continuance in order that a party may engage in a fishing expedition to search for unspecified information, the relevance of which is not even suggested.

JUDGMENT AFFIRMED.

PUDLOWSKI, C.J., and GRIMM, J., concur.