**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Clifford Paul BECKERMAN,
Defendant–Appellant.**

**Clifford Paul BECKERMAN,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

Nos. 65354, 68102.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 6, 1996.

**862**

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals the judgment entered upon the conviction by a jury for receiving stolen property, § 570.080, RSMo 1994. He was sentenced by the court as a prior and persistent offender to twelve years' imprisonment. Defendant also appeals the denial, after an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. We affirm in part and remand in part.

The evidence viewed in the light most favorable to the judgment was as follows. On

February 24, 1993, Ronald Berkbigler reported to Perry County deputies that several items had been stolen from his truck sometime after his last job on December 9, 1992. Among the items reported stolen were a "Snap-on" brand vacuum pump and a "come-along" pulley.

On March 9, 1993, Perry County deputies received an anonymous tip that James Ragsdale had purchased a stolen pump. At trial, James Ragsdale, his wife Madeline Ragsdale, and his granddaughter Rebecca Perez testified as to how James came into possession of a "Snap-on" brand vacuum pump. On December 10, 1992, Rebecca was having a party at her house attended by Defendant. Defendant asked Rebecca if she knew of anyone who would be interested in purchasing a pump. Rebecca thought James may be interested. Defendant gave Rebecca the pump, and she proceeded to James and Madeline's nearby house. James was interested in purchasing the pump; however, he was suspicious the pump may have been stolen because of the low $30 asking price. James asked Rebecca to ask Defendant if the pump was stolen. Rebecca returned to her party and asked Defendant if the pump was stolen. Defendant indicated it was not and requested the purchase check be made out in his name. Rebecca went back to James and Madeline's home and told them the pump was not stolen. Madeline wrote out a thirty dollar check to Defendant and handed it to Rebecca who subsequently gave it to Defendant.

Berkbigler identified the pump sold to James as the one stolen from his truck. A search of Defendant's home uncovered a "come-along" pulley Berkbigler also identified as his property. Defendant was arrested and released on bond. Perry County Deputy Sheriff John Ashby subsequently questioned Defendant concerning other robberies. Defendant indicated he wanted to make a confession. He was informed of his *Miranda*[1] rights and signed a waiver. Defendant told Deputy Ashby that one night he

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

had been drinking, saw the pump lying in the open, and stole it. Defendant was requested to write out the confession. He took the statement forms but later refused to submit a signed statement.

In his defense, Defendant presented the testimony of his wife. She testified that the thirty dollar check was given to Defendant by Rebecca so that he could purchase beer for Rebecca's party. She also testified that Defendant was primarily with her on December 9 and 10, 1992, and as to his whereabouts when they were not together.

■ In his first point on appeal, Defendant challenges the sufficiency of the evidence that the pump identified by Berkbigler was the pump stolen from him. Defendant asserts the factors Berkbigler used were too general to support his identification. In his testimony, Berkbigler assured that he identified the pump because of its brand, the missing O-ring on the seal, and the low level of oil. Berkbigler testified that, like the pump identified in court, his pump did not have any serial number or other identifying numbers. Furthermore, he stated that he purchased the pump in 1991 and had used it at his freelance job.

In reviewing the sufficiency of the evidence, we must consider the evidence and all inferences reasonably drawn from the evidence in the light most favorable to the verdict, and disregard all contrary evidence and inferences. *State v. Jackson,* 896 S.W.2d 77, 81–82 (Mo.App.W.D.1995). The verdict below must be affirmed if there is sufficient evidence from which a reasonable juror might have found appellant guilty beyond a reasonable doubt. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993). We hold the evidence was sufficient to support the conclusions the pump was identified as Berkbigler's pump. His testimony established that he believed the exhibited pump was his pump. He had the pump for several years and was inferably familiar with its appearance. He specified the brand name, missing O-ring, and lack of oil as three characteristics that may assist the jury in determining the credi-

bility of his belief. Although these characteristics may be "general" in that they may coincidentally arise in other pumps, these factors go to the credibility of his testimony—not to its sufficiency. We hold that this evidence was sufficient to find beyond a reasonable doubt that the pump in evidence was the pump to stolen from Berkbigler. Point denied.

In Defendant's second point, he asserts the trial court erred in allowing the State to enter the "come-along" pulley into evidence. Defendant concedes he failed to preserve this issue for appeal by not filing a motion for new trial. He asks us to review for plain error. We have examined Defendant's argument and the record on appeal. We find it unnecessary to review this point for plain error. Point denied.

■ In Defendant's third point, he asks for plain error review of his allegation that the court abused its discretion in excluding the testimony of defense witness Thomas Eakins as a sanction for late disclosure. Just prior to trial, the State objected to Eakins testimony for late endorsement and unavailability of witness. Defendant made no offer of proof of Eakins' testimony. Defendant's counsel merely indicated Eakins was with Defendant the day the pump was taken from Berkbigler.

When a party fails to comply with a discovery rule, the trial court may order disclosure of material and information, grant a continuance, exclude evidence or enter such orders it deems just given the situation. Rule 25.16. The imposition of sanctions provided for in Rule 25.16, including the exclusion of witnesses, remains within the trial court's discretion and will be reversed on appeal only when the sanction results in fundamental unfairness to the defendant.

*State v. Massey,* 867 S.W.2d 266, 268 (Mo. App.E.D.1993).

Here, we cannot find error, plain or otherwise, in the trial court's discretionary sanction excluding Eakins. There was no offer of

proof for us to determine whether the exclusion was fundamentally unfair to Defendant. Even if we accept Defendant's counsel's indication that Eakins would testify that he was with Defendant on the day the pump was stolen, it would not yield error. Defendant was charged with receiving stolen property, not stealing the property. Assuming Eakins would have provided an alibi for the stealing of the property, it would not have provided an alibi to receiving the property. Furthermore, Defendant's wife testified she was with Defendant on the day the property was stolen. Whatever inferential value Eakins' testimony may have produced would merely have been cumulative to what Defendant's wife provided. Point denied.

■ In his final point, Defendant appeals the denial, after an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. Initially, Defendant asserts he was erroneously denied post-conviction relief on his allegation that he was denied effective assistance of counsel because his counsel failed to file a motion for judgment of acquittal or new trial. Defendant alleged he was prejudiced in that his counsel failed to preserve issues for review. It is well settled that "claims for post-conviction relief based on trial counsel's failure to adequately preserve issues for appeal are not cognizable under Rule 29.15." *State v. Lay*, 896 S.W.2d 693, 702 (Mo.App. W.D.1995).

■ Defendant also asserts the motion court erred by not granting post-conviction relief on his allegation his counsel prejudicially failed "to investigate and present evidence of Deputy Ashby's bias against" Defendant. At the evidentiary hearing, evidence was presented that Deputy Ashby may have been biased against Defendant due to an alleged personal dispute between them. The motion court made findings of

fact concerning this allegation; however, the findings do not on their face resolve Defendant's allegation,[2] nor did the motion court address the allegation in its conclusions of law. Rule 29.15(i) requires the motion court to make findings of fact and conclusions of law on all issues. These findings and conclusions must be sufficient to allow meaningful review to determine if the findings and conclusions were clearly erroneous. *State v. Simmons*, 875 S.W.2d 919, 924 (Mo.App.W.D.1994). The motion court did not address this allegation, and review is not possible. We cannot conclude that Defendant is not entitled to relief as a matter of law on this allegation; therefore, we remand for the motion court to enter findings of fact and conclusions of law addressing this issue only. *See, Nunn v. State*, 824 S.W.2d 63, 65 (Mo.App.1991). In all other respects, the judgments are affirmed.

CRAHAN, P.J., and CRANDALL, J., concur.

---

2. The motion court made a finding that the alleged dispute could not have logically occurred until after the Defendant's statements were made to Deputy Ashby. However, Deputy Ashby's testimony as to these statements was not supported by any recording of the statements made prior to the alleged dispute, and his testimony occurred after the time the alleged dispute could have arisen. At the evidentiary hearing, Deputy Ashby admitted being aware of the alleged dispute, and an offer of proof was made indicating two witnesses believed Deputy Ashby was biased against Defendant because of the alleged dispute. The motion court's finding does not exclude the possibility of Deputy Ashby fabricating Defendant's testimony at trial because of the alleged bias arising prior to trial.