STATE of Missouri, Respondent,

v.

Melvin E. VAUGHN, Appellant.

No. WD 52685.

Missouri Court of Appeals,
Western District.

Submitted Jan. 8, 1997.

Decided March 11, 1997.

Rebecca L. Kurz, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa A. Fischer, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and BERREY and SMART, JJ.

SMART, Judge.

Melvin E. Vaughn appeals from the trial court's judgment finding him guilty of three counts of assault in the first degree, in violation of § 565.050, RSMo 1994,[1] and three counts of armed criminal action, in violation of § 571.015. Vaughn was sentenced to concurrent terms of twenty years on each assault conviction and ten years on each armed criminal action conviction.

Judgment is reversed and remanded for new trial on Counts V and VI.

On May 20, 1995, defendant was charged with three counts of assault in the first degree and three counts of armed criminal action. Defendant elected to waive his right to a jury trial, instead submitting the case to the trial court. Defendant's trial was conducted on January 16, 1996. The trial court found defendant guilty and sentenced him to twenty years imprisonment.

At trial, the evidence revealed that at the time the crimes were committed, defendant lived with Jeanette Bennett, the victim in this case, and her son. Bennett had asked defendant to move out of her apartment. On May 19, 1995, Bennett returned home from a friend's house and found defendant sitting on the outside steps of her apartment drinking beer. Defendant asked Bennett where she had been. Bennett responded by telling defendant to move out of her apartment. Defendant then told Bennett to go inside and apologize to her son before defendant killed her. The two went inside the apartment.

Once inside, defendant again inquired as to where Bennett had been. He hit her over the head with a beer bottle. Bennett attempted to leave the apartment, but defendant grabbed her by the neck and stabbed her three times in her abdomen with a butcher knife. He also stabbed her in her neck, back, and shoulder. Bennett again tried to leave the apartment, but defendant prevent-ed her escape. Next, defendant hit Bennett over the head with a lamp and attempted to strangle her by wrapping the cord around her neck. Defendant also hit her over the head with a glass table top. Bennett's cousin, who lived in one of the upstairs apartments, knocked on Bennett's door after hearing a commotion coming from inside the apartment. When no one answered, she returned to her apartment and called the police.

Defendant made Bennett sit on the couch for forty-five minutes while she was bleeding. He also cut her throat with a piece of glass. Defendant then ordered Bennett to get in the shower to wash the blood off of her. While in the shower, defendant took a knife and "poked" her in the chest with it. He told her he would either "finish her off now" or "let her bleed to death." He eventually handed the knife to Bennett and told her she could use it on him, which she declined to do.

Shortly thereafter the police arrived, and Bennett was taken to the hospital for treatment of the stab wounds to her abdomen, back, shoulder, neck and several lacerations on her head. Bennett underwent surgery to repair a laceration over her eye and to repair her partially severed thumb. Defendant testified in his defense, claiming self-defense. The trial court convicted defendant on all charges. He now appeals.

Defendant's sole point on appeal is that the trial court erred in overruling his motion for judgment of acquittal and in finding him guilty on Count V (assault in the first degree) and Count VI (the corresponding armed criminal action conviction) in violation of his right to due process of law, as guaranteed by the fourteenth amendment to the United States Constitution and Article I, § 10 of the Missouri Constitution, because the State failed to establish that defendant caused serious physical injury to Bennett "by stabbing her with a kitchen type knife." Count V, entitled "Assault 1st Degree—Serious Physical Injury," provides:

The Grand Jurors of the County of Jackson, State of Missouri charge that the defendant, **Melvin E. Vaughn,** in violation of

1. All statutory references are to Revised Statutes of Missouri 1994, unless otherwise indicated.

Section 565.050, RSMo, committed the **class A felony of assault in the first degree**, punishable upon conviction under Section 558.011.1(1), RSMo, in that on or about Saturday, May 20, 1995, in the County of Jackson, State of Missouri, the defendant knowingly caused serious physical injury to Janet Bennett by stabbing her with a kitchen type knife.

(Emphasis in original). Count VI, entitled "Armed Criminal Action," provides:

The Grand Jurors of the County of Jackson, State of Missouri charge that the defendant, **Melvin E. Vaughn,** in violation of Section 571.015, RSMo, committed the **class A felony of armed criminal action,** punishable upon conviction under Section 571.015.1, RSMo, in that on or about Saturday, May 20, 1995, in the County of Jackson, State of Missouri, the defendant committed the felony of assault in the first degree charged in Count V, all allegations of which are incorporated herein by reference, and the defendant committed the foregoing felony of assault in the first degree by, with and through the use, assistance and aid of a deadly weapon a kitchen type knife.

(Emphasis in original). Defendant asks this court to reverse his convictions and discharge him from the sentences imposed for Counts V and VI.

■ The State concedes that the trial court erred in finding defendant guilty on Counts V and VI because insufficient evidence was presented to show that defendant caused Bennett serious bodily injury "by stabbing her with a kitchen type knife." The only evidence presented to support Counts V and VI is Bennett's testimony, which reads: "I was trying to move, and he poked a knife in my breast and told me, I don't know if I should go on and finish you off now or let you stay here and bleed to death." There was no testimony about Bennett receiving treatment for an injury to her chest. There also was no elaboration about what Bennett meant by the term "poked." In this context, "poked" is not equivalent to a statement that he stabbed her. The State also agrees that the convictions should be reversed on these counts, but claims that the case should be remanded for

retrial on a charge of a lesser degree of assault.

The State cites *State v. O'Brien,* 857 S.W.2d 212, 220–21 (Mo. banc 1993) and *State v. Nguyen,* 880 S.W.2d 627, 635–36 (Mo.App.1994) to support its position. The Missouri Supreme Court in *O'Brien* states the rule suggested by the State as follows:

Where a conviction of a greater offense has been overturned for insufficiency of the evidence, the reviewing court may enter a conviction for a lesser offense if the evidence was sufficient for the jury to find each of the elements and the jury was required to find those elements to enter the ill-fated conviction on the greater offense.

*O'Brien,* 857 S.W.2d at 220. Section 565.060, which defines the charge of second degree assault, provides in pertinent part:

1. A person commits the crime of assault in the second degree if he:

(1) Attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause; or

(2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument; or

(3) Recklessly causes serious physical injury to another person; or

(4) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself; or

(5) Recklessly causes physical injury to another person by means of discharge of a firearm.

In our view, the evidence does not warrant this court to enter a conviction for second degree assault for the same reason the conviction of assault in the first degree cannot stand. The evidence fails to show that, when defendant "poked" Bennett in the chest, he caused physical injury to her. There was no testimony or medical evidence as to any inju-

ry sustained by Bennett as a result of this action.

 Section 565.070, which defines the charge of third degree assault, provides in pertinent part:

> 1. A person commits the crime of assault in the third degree if:
>
> (1) He attempts to cause or recklessly causes physical injury to another person; or
>
> (2) With criminal negligence he causes physical injury to another person by means of a deadly weapon; or
>
> (3) He purposely places another person in apprehension of immediate physical injury; or
>
> (4) He recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person; or
>
> (5) He knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative.

We also conclude the evidence does not warrant this court to enter a conviction for third degree assault. However, the evidence is sufficient to warrant remand for a new trial on a charge of third degree assault, § 565.070, under subsections (3) or (5). There was evidence that defendant's conduct in poking Bennett in the chest put her in apprehension of immediate physical injury. Also, there was evidence that he knew that she would regard the conduct as offensive or provocative. It would be improper for this court to enter a conviction for third degree assault because the jury was not required to find the elements for a charge of third degree assault, listed in § 565.070, under subsections (3) and (5), in the first trial. Thus, remand for new trial on a charge of third degree assault is appropriate and necessary in this case. *See State v. O'Brien*, 857 S.W.2d 212 (Mo. banc 1993) (where the Supreme Court would not enter conviction on lesser offense of second-degree felony-murder, but would remand for new trial on that charge).

*Conclusion*

The trial court's judgments as to Counts V and VI, and the sentences therefor, are reversed and the case is remanded for a new trial on the charge of third degree assault provided in § 565.070(3) or (5). The judgment of conviction as to Counts I through IV, and the concurrent sentences of 20 years on the assault convictions, and 10 years on the armed criminal action convictions, were not challenged on this appeal, and remain in effect.

ULRICH, C.J., P.J., and BERREY, J., concur.