STATE of Missouri, Plaintiff/Respondent,

v.

Clarence Steven SHORT III, Defendant/Appellant.

No. ED 85918.

Missouri Court of Appeals, Eastern District, Division Three.

March 21, 2006.

Deborah Daniels, Assistant Attorney General, Lisa M. Kennedy, Jefferson City, MO, for respondent.

Craig A. Johnston, Assistant State Public Defender, Columbia, MO, for appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

Defendant, Clarence Steven Short III, appeals from the judgment entered by the trial court on a jury verdict finding him guilty of murder in the second degree, in violation of section 565.021 RSMo (2000), and endangering the welfare of a child in the first degree, in violation of section 568.045 RSMo (2000). The trial court sentenced defendant to fifteen years imprisonment on the murder count and four years imprisonment on the endangerment count, to be served consecutively. On appeal, defendant contends that the trial court erred in refusing to instruct the jury on assault in the third degree, which, he argues, is a lesser-included offense of endangering the welfare of a child in the first degree. He also asserts that the trial court plainly erred in failing to *sua sponte* instruct the jury on the lesser-included offense of endangering the welfare of a child in the second degree. We affirm.

The sufficiency of the evidence is not in dispute. At various times between 2:00 a.m. and 6:00 p.m. on May 1, 2002, defendant shook, threw, hit, "kneed" and committed other acts of physical abuse against his girlfriend's six-year-old disabled daughter (victim). Victim was pronounced dead later that day. The autopsy determined the cause of death to be

blunt abdomen trauma, which caused massive internal hemorrhage. The autopsy also revealed that victim had bruises and tears in her mouth, bruises or contusions on her chest, hips, forearm, buttock, knee, hands, foot, back, scalp, and on the surface of her heart; she had a subdural hemorrhage to her head, which was caused by very severe shaking; she had a massive hemorrhage in her abdominal cavity; she had tears in her liver and thymus gland; and she had petechiae on her pelvis, leg, left eye, mouth, gums, and inside her cheeks, which was consistent with someone placing his or her hand over her mouth.

During the instruction conference, defendant requested the following Instruction A, which was based on MAI–CR 3d 319.18:

### Instruction No. A

As to Count 2, if you do not find the defendant guilty of endangering the welfare of a child as submitted in Instruction No___, you must consider whether he is guilty of assault third degree.

If you find and believe from the evidence beyond a reasonable doubt:

That on or about May 1, 2002, in the County of St. Charles, State of Missouri, the defendant knowingly caused physical contact with [victim] knowing that [victim] would regard such contact as offensive or provocative,

Then you will find the defendant guilty under Count 1 of not guilty of assault in the third degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense under this instruction.

After the trial court refused Instruction A, defendant said that he had submitted it because he believed that the class C mis-demeanor of third-degree assault was the closest lesser-included offense instruction that fit defendant's testimony.

The jury was instructed that in order to find defendant guilty of second-degree murder, it had to find that defendant committed the felony of endangering the welfare of a child in the first degree. The jury was also instructed that if it did not find defendant guilty of second-degree murder, it had to consider whether he was guilty of involuntary manslaughter in the first degree. If the jury did not find defendant guilty of involuntary manslaughter in the first degree, it had to consider whether he was guilty of involuntary manslaughter in the second degree.

In his first point, defendant contends that the trial court erred in refusing to instruct the jury on third-degree assault. He claims that third-degree assault is a lesser-included offense of endangering the welfare of a child in the first degree, and that there was a basis in the evidence for an acquittal of endangering the welfare of a child in the first degree and a conviction on the lesser offense of third-degree assault, because the jury could have believed that although defendant made physical contact with victim knowing that victim would regard such contact as offensive or provocative, defendant did not knowingly create a substantial risk to the body of victim.

■ Defendant was charged with endangering the welfare of a child in the first degree. "A person commits the crime of endangering the welfare of a child in the first degree if ... [t]he person knowingly acts in a manner that creates a substantial risk to the life, body, or health of a child less than seventeen years old[.]" Section 568.045.1(1). The elements of this offense are that (1) the defendant engaged in conduct, (2) in so doing, the defendant created

a substantial risk to the life, body, or health of a child, (3) the victim was less than seventeen years old, and (4) the defendant acted knowingly with respect to the facts and circumstances. MAI–CR 3d 322.10. *See State v. Buhr,* 169 S.W.3d 170, 176–78 (Mo.App.2005). To prove a defendant acted knowingly, the state must prove that the defendant was aware that his or her conduct was practically certain to cause substantial risk to the victim's life, body, or health. *Id.* at 177.

■ A person is guilty of assault in the third degree if: "The person knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative[.]" Section 565.070.1(5) RSMo (2000). To prove this offense, the state must prove that the defendant knowingly caused physical contact with the victim knowing that the victim would regard such contact as offensive or provocative. MAI–CR 3d 319.18. *See State v. Vaughn,* 940 S.W.2d 60, 63 (Mo.App.1997).

■ Section 556.046.1 RSMo (2000) sets out the situations in which an offense is an included offense. As relevant to this case, subsection (1) of that statute provides that an offense is included when the offense "is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" "An offense is a lesser included offense if it is impossible to commit the greater without necessarily committing the lesser." *State v. Derenzy,* 89 S.W.3d 472, 474 (Mo. banc 2002). However, if the lesser offense requires proof of an element that the charged offense does not require, the lesser offense is not an *included* offense within the meaning of section

556.046.1(1). *State v. Villa–Perez,* 835 S.W.2d 897, 903–04 (Mo. banc 1992); *State v. Norman,* 178 S.W.3d 556, 562–63 (Mo. App.2005).

■ Assault in the third degree requires proof that defendant knew victim would regard the contact as offensive or provocative, which is not an element of endangering the welfare of a child in the first degree. As a result, assault in the third degree is not a lesser-included offense of endangering the welfare of a child in the first degree.[1] The trial court did not err in refusing to give defendant's Instruction A on assault in the third degree. Point one is denied.

■ For his second point, defendant contends that the trial court plainly erred in failing to instruct the jury *sua sponte* on the lesser-included offense of endangering the welfare of a child in the second degree. Defendant did not request an instruction for endangering the welfare of a child in the second degree.

■ This point is not preserved because defense counsel did not request an instruction on endangering the welfare of a child in the second degree. Additionally, defendant did not raise this error in his motion for new trial. We will not review a claim of plain error under Rule 30.20 unless there are substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. *State v. Chaney,* 967 S.W.2d 47, 59 (Mo. banc 1998). There are no extraordinary circumstances in this case to justify reviewing this argument as a matter of plain error. *State v. Mosley,* 980 S.W.2d 1, 3 (Mo.App.1998). *See State v. Fowler,* 938 S.W.2d 894, 898 (Mo. banc

---

1. Because assault in the third degree is not a lesser-included offense of endangering the welfare of a child in the first degree, we do not reach defendant's contention that there

was a basis to acquit defendant of the greater charge and find him guilty of the lesser charge.

1997); *State v. Williams,* 145 S.W.3d 874, 877–78 (Mo.App.2004); *State v. Kobel,* 927 S.W.2d 455, 460 (Mo.App.1996). Point two is denied.

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, J. and BOOKER T. SHAW, J., concur.