**Ernest Richard JOHNSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 29262.**

Missouri Court of Appeals, Southern District, Division Two.

April 15, 2009.

Mark A. Grothoff, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and Jayne T. Woods, Assistant Attorney General, Jefferson City, MO, for Respondent.

DON E. BURRELL, Presiding Judge.

Ernest R. Johnson ("Movant") appeals from an order denying his amended Rule 29.15 motion to set aside his conviction on a charge of forcible sodomy. *See* section 566.060.[1] Movant's amended motion asserts one point of alleged error, claiming both his trial and appellate counsel provided him with ineffective assistance. Because Movant's claim against his trial counsel is not cognizable under Rule 29.15, and because Movant's appellate counsel was not deficient in her performance, we affirm the denial.

### I. Factual and Procedural Background

Movant's appeal stems from his unsuccessful attempt to convince the trial court to give the jury an instruction that stated in relevant part that "[i]f you do not find [Movant] guilty of forcible sodomy, you must consider whether he is guilty of assault in the third degree under this instruction."[2] The court refused Movant's request and instructed the jury solely on the offense of forcible sodomy. The jury found Movant guilty of that offense. Movant timely filed a motion for new trial that was denied by the trial court. The motion for new trial did not include an allegation that the trial court erred by refusing to give Movant's tendered instruction. This Court affirmed Movant's conviction and resulting five year sentence on direct appeal. *State v. Johnson*, 201 S.W.3d 551 (Mo.App. S.D.2006).

After we entered our mandate affirming Movant's conviction, he timely filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15. Counsel was appointed, and an amended motion was filed. In the amended motion, Movant alleged, *inter alia*, that his trial counsel was ineffective for failing to "raise a specific allegation in [Movant's] motion for new trial that the trial court erred in refusing an instruction for assault in the third degree, and by his appellate counsel's failure to assert on direct appeal the trial court's error in refusing the third-degree assault instruction." Using the deposition testimony of his appellate counsel and an affidavit from his trial counsel, Movant asked the motion court to rule on his motion based solely on that evidence. Movant claims the motion court's findings and conclusions denying his amended motion thereafter were clearly erroneous.

### II. Standard of Review

Our review of the denial of a motion for post-conviction relief is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005). "The motion court's findings are presumptively correct." *Cook v. State*, 193 S.W.3d 378, 381 (Mo.App. S.D.2006). Such findings and conclusions are clearly erroneous

1. Unless otherwise indicated, all references to statutes are to RSMo 2000 and all references to rules are to Missouri Court Rules (2008).

2. While Movant's tendered instruction was included in the Legal File, we note it was not recited verbatim in the argument portion of his brief as required by Rule 84.04(e).

only if a review of the entire record leaves this Court with a definite and firm impression that a mistake has been made. *Smith v. State*, 972 S.W.2d 551, 553 (Mo.App. S.D.1998).

### III.   Discussion

In his sole point relied on, Movant contends the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because: 1) his trial counsel provided ineffective assistance of counsel by failing to raise a specific allegation in the motion for new trial that the trial court erred in refusing to give the jury an instruction on third-degree assault; and 2) his appellate counsel was ineffective for failing to assert as error on appeal the trial court's refusal to give the proffered third-degree assault instruction.

### A.   Movant's Claim against his Trial Counsel

■ A claim for "[p]ost-conviction relief for ineffective assistance of counsel is limited to errors which prejudiced the movant by denying him [the right to] a fair trial." *Glasgow v. State*, 218 S.W.3d 484, 489 (Mo.App. W.D.2007) (quoting *Kirk v. State*, 778 S.W.2d 661, 662 (Mo.App. E.D. 1989)). "[C]laims for post-conviction relief based on trial counsel's failure to adequately preserve issues for appeal are not cognizable under Rule 29.15." *Id.* (quoting *State v. Beckerman*, 914 S.W.2d 861, 864 (Mo.App. E.D.1996)). "The preservation of an issue for appeal cannot affect the fairness of the trial; preservation only affects rights and standards on appeal." *Id.* at 489–90. As a result, "allegations of instructional error are matters for review on direct appeal, not in post-conviction proceedings." *Turner v. State*, 765 S.W.2d 708, 710 (Mo.App. E.D.1989).

■ Because Movant's claim of ineffective assistance by his trial counsel does not

contest the fairness of his trial, but only his ability to appeal his conviction, this portion of his point is not cognizable under Rule 29.15 and is denied on that basis.

### B.   Movant's Claim against his Appellate Counsel

■ Movant's point also contends that his appellate counsel was ineffective for failing to raise the trial court's denial of the third-degree assault instruction on appeal. Like a claim based on the ineffective assistance of trial counsel, Movant must prove his appellate counsel's performance was unreasonable and that Movant was prejudiced thereby. *Taylor v. State*, 262 S.W.3d 231, 253 (Mo. banc 2008). "To prevail on a claim of ineffective assistance of appellate counsel, the Movant must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it." *Id.* (quoting *Williams*, 168 S.W.3d at 444). Movant must show a reasonable probability that the outcome of the appeal would have been different if counsel had raised the claim. *Id.*

As earlier noted, appellate counsel's testimony was provided to the motion court by deposition. When asked at that deposition why she did not challenge on appeal the trial court's refusal to instruct the jury on third-degree assault, she responded:

> Well, the way I generally handle appeals is, I look at the New Trial Motion and try to identify anything in there that might be raised. This was not in the New Trial Motion, so it is an unpreserved error and would have been plain error review.

> Plain instructional error is seldom a good issue for appeal, although I have raised it successfully in other cases. So I did consider it in this case.

But in this case—and I just reviewed the Court's ruling at the time of trial, when it denied that instruction. I believed that the Court's ruling is correct, and that third-degree assault is not a lesser-included offense of forcible sodomy....

....

... Had it been in the New Trial Motion, I probably would not—I still would not have raised it, because I do not believe that it should've been given.

Appellate counsel's decision is presumed to have been made in the exercise of reasonable professional judgment. *State v. Jones,* 979 S.W.2d 171, 180 (Mo. banc 1998). Here, she stated she did not include the claim because she believed the trial court's ruling was correct and that she would not have alleged it as error even if the issue had been properly preserved by being included in the motion for new trial. The motion court was not presented with any evidence that would rebut the presumption that counsel exercised reasonable professional judgment in reaching this conclusion. Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins,* 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

■■■ In any event, Movant's appellate counsel was not acting unreasonably by not raising the denied instruction issue on appeal—and Movant cannot show a reasonable probability that the outcome would have been different if she had—because the trial court's refusal to give the proffered instruction was correct. "Assault in the third degree requires proof that defendant knew victim would regard the contact as offensive or provocative...." *See State v. Short,* 186 S.W.3d 828, 831 (Mo.App. E.D.2006) (holding that "assault in the third degree is not a lesser-included offense of endangering the welfare of a child in the first degree"); sections 566.060. 1,[3] 565.070.1(5).[4] "[I]f the lesser offense requires proof of an element that the charged offense does not require, the lesser offense is not an *included* offense within the meaning of section 556.046.1(1)[ [5]]." *Id.* (emphasis added). Like the offense of endangering the welfare of a child in the first degree, proof that the defendant knew his victim would regard the alleged contact as offensive or provocative is not an element of forcible sodomy. As a result, assault in the third-degree is not a lesser included offense of forcible sodomy.

The balance of Movant's point is also denied, and the motion court's order denying his Rule 29.15 motion is affirmed.

PARRISH and RAHMEYER, JJ., concur.

---

3. "A person commits the crime of forcible sodomy if such person has deviate sexual intercourse with another person by the use of forcible compulsion. **Forcible compulsion** includes the use of a substance administered without a victim's knowledge or consent which renders the victim physically or mentally impaired so as to be incapable of making an informed consent to sexual intercourse."

4. "A person commits the crime of assault in the third degree if: ... (5) The person knowingly causes physical contact with another person *knowing the other person will regard the contact as offensive or provocative.*" (emphasis added).

5. "A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when (1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged."