Allan McCAULEY, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 31863.

Missouri Court of Appeals, Southern District, Division One.

Oct. 5, 2012.

Mark A. Grothoff, Columbia, MO, for Appellant.

Chris Koster, Attorney General and Gregory L. Barnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

## WILLIAM W. FRANCIS, JR., J.

Allan McCauley ("McCauley") appeals the motion court's denial of his post-conviction relief motion filed pursuant to Rule 29.15.[1] In his two points relied on, he challenges his trial counsel's failure to preserve the issue of double jeopardy for appellate review, as well his appellate counsel's failure to file certain exhibits in his direct appeal. We affirm the motion court's decision.

### Factual and Procedural Background

Given the narrow scope of McCauley's appeal, we set forth only those facts necessary to complete our review. The record reveals McCauley was charged with three counts of the class D felony of aggravated stalking, violations of section 565.225.3, RSMo Cum.Supp.2002. The evidence adduced at trial revealed McCauley stalked and harassed his former girlfriend ("Victim") for a period of time from 2004 until 2006. After breaking off all contact with McCauley in 2002, relocating to Springfield, and beginning new employment, Victim began receiving multiple threatening phone calls from McCauley at her new place of employment at some point in 2004. She left that employment after approximately a year and began working at a car dealership as a salesperson. McCauley then began calling Victim at the car dealership. There was evidence that from 12:07 p.m. on January 30, 2006, through the close of business the following day, January 31, 2006, McCauley made numerous threatening phone calls to Victim at the car dealership. He then placed "a couple" of threatening phone calls to her on February 1, 2006. Thereafter, on February 2, 2006, he again made numerous phone calls to the car dealership from 1:08 p.m. until his final call at 5:05 p.m. that same day. It appears from the record that over this four-day period, McCauley placed approximately 120 phone calls threatening or attempting to threaten Victim.[2]

---

1. All rule references are to Missouri Court Rules (2012).

2. In these phone calls, McCauley specifically threatened Victim's life, as well as the life of her family members, including her daughter;

On December 17 and 18, 2008, a trial was held. At the close of all the evidence, McCauley was convicted by a jury of all three counts of aggravated stalking. He was sentenced by the trial court to a total of eight years' imprisonment and a $2,000 fine. McCauley's convictions were then upheld on direct appeal to this Court in *State v. McCauley*, 317 S.W.3d 132, 135 (Mo.App. S.D.2010), which specifically found, under plain-error review, that McCauley's three convictions did not violate the prohibition against double jeopardy because his actions over the four-day period did not constitute one continuous course of conduct and, instead, were "three separate courses of conduct each separated by a period of time in which [McCauley] had the opportunity to reconsider his actions."

On November 29, 2010, McCauley filed his *pro se* "Motion to Vacate, Set Aside or Correct the Judgment or Sentence." He was appointed counsel by the motion court and an amended motion was timely filed. Among the claims raised in the amended motion were a challenge to the effectiveness of the actions of his trial counsel, David Smith ("Smith"), "for failing to properly present and preserve an objection to [McCauley's] trial and conviction on three counts of aggravated stalking on the basis that three convictions violated [his] right to be free from double jeopardy . . . [;]" for failing to "take any action pre-trial to object to the amended information . . . [;]" for failing to include the double jeopardy allegation in his written post-verdict motion for judgment of acquittal; for failing to include the double jeopardy claim in his written motion for new trial; and for failing to include a challenge to the trial court's "overruling of his motion to dismiss two counts . . ." in either of his after-trial motions. Based on these alleged failures, McCauley maintained there was a "reasonable probability that had [Smith] properly presented the issue to the trial court and then preserved it in the motion for new trial, the convictions in counts 2 [and] 3 would have been reversed on appeal." [3] Additionally, McCauley alleged ineffective assistance of counsel against his appellate counsel, Ellen Flottman ("Flottman"), for failing to deposit the phone records, phone call recordings, and voicemail recordings with the appellate court at the time of the direct appeal. He asserted this failure resulted in the appellate court's lack of consideration of the merits of his plain-error claim such that there was "a reasonable probability that had [Flottman] done so, the outcome of the appeal would have been different." [4]

---

he threatened to assault her by, among other things, "punch[ing her] so many times" her "head is gonna explode" and hitting her in the head with a baseball bat; he further threatened to harm anyone that stood in his way. Many of these phone calls were recorded by law enforcement officers and McCauley also left numerous threatening voicemail messages for Victim. These messages were played for the jury at trial.

3. However, after making the foregoing claims of ineffectiveness, McCauley did admit in his amended motion that "[a]t the end of the [S]tate's case [Smith moved] to dismiss the multiple counts and argued that the [S]tate had taken one series of acts and turned it into three charges and that doing so violated double jeopardy[ ]" and that this request was denied by the trial court. McCauley further acknowledged that, although not included in the written motion for new trial, his counsel did orally move for a judgment of acquittal on counts 2 and 3 based on double jeopardy concerns and this request was also denied by the trial court.

4. This assertion is based on the following paragraph from this Court's opinion in McCauley's direct appeal:

[A]ny [section] 556.041 and double jeopardy analysis must start with a review of the underlying facts. Unfortunately, all of the evidence presented to the jury as to those

On June 28, 2011, an evidentiary hearing was held on the amended motion. Smith testified that he "thought [he] had raised the [double jeopardy] issue pretrial[,]" but apparently had not. He admitted he was "aware of the issue" and that his failure to include it in the written motions for judgment of acquittal and new trial was the result of "[h]uman error." He related he had no strategic reason for failing to do so and that the failure was the result of "oversight" on his part. Flottman testified via deposition that she did not submit the exhibits at issue as part of the record on appeal because, although she had them in her possession, she "didn't believe they were necessary to determine the issue on appeal[,]" which is "the standard for filing exhibits with the Court of Appeals...."[5] In its "FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT" entered on December 8, 2011, the motion court denied all of McCauley's claims for post-conviction relief. This appeal followed.

The issues presented for our determination are:

1. Did the motion court err in denying McCauley's claim that he received ineffective assistance of counsel as a result of Smith's failure to raise "a specific allegation" as to the issue of double jeopardy in his motions for judgment of acquittal and new trial?

2. Did the motion court err in denying McCauley's claim that he received ineffective assistance of appellate counsel based on Flottman's failure to file certain exhibits with the appellate court on direct appeal?

### Standard of Review

We review a motion court's denial of a Rule 29.15 motion for post-conviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009). Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Id.* A post-conviction relief ruling is presumed correct, and McCauley had the burden of proving his grounds for relief by a preponderance of the evidence. *Id.*

Further, we view the record in the light most favorable to the motion court's judgment, accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment. *O'Shea v. State*, 288 S.W.3d 805, 807 (Mo.App. S.D.2009); *see also Storey v. State*, 175 S.W.3d 116, 125 (Mo. banc 2005). "At a post-conviction relief evidentiary

underlying facts is not before us in the record on appeal. [McCauley] has not deposited Exhibits 1, 1A, or 2[, the copies of the phone records and messages left by McCauley for Victim,] with this Court, in accordance with Rule 30.05 or this Court's special rule 4. The latter rule provides, in part, that [a]n appellant is responsible for ensuring that all exhibits necessary for the determination of any point relied on are deposited or filed with the Court. [McCauley] had the duty to file a complete record including all evidence necessary to determine all questions presented to this Court for review. In the absence of these exhib-

its, this Court infers that they would be favorable to the State's three separate courses-of-conduct theory and the trial court's sentencing of [McCauley] on three separate offenses, and they would be unfavorable to [his] theory that all of his actions over this four-day period were only one continuous course of conduct.
*McCauley*, 317 S.W.3d at 135–36 (internal citations, quotations, and footnotes omitted).

5. We note these exhibits were admitted at the evidentiary hearing in this matter and reviewed by the motion court.

hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant." *Hurst v. State*, 301 S.W.3d 112, 117 (Mo. App. E.D.2010).

■■■ Our review of claims relating to the ineffective assistance of trial counsel and the ineffective assistance of appellate counsel are governed by the same standard. *Tilley v. State*, 202 S.W.3d 726, 735 (Mo.App. S.D.2006). To prove ineffective assistance of counsel, a movant must demonstrate: (1) his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances; and (2) his defense was prejudiced as a result of that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Storey*, 901 S.W.2d 886, 893 (Mo. banc 1995). "To prove prejudice, movant must show a 'reasonable probability that, but for counsel's [unprofessional] errors, the result of the proceeding would have been different.'" *State v. Shurn*, 866 S.W.2d 447, 468 (Mo. banc 1993) (quoting *State v. Ervin*, 835 S.W.2d 905, 929 (Mo. banc 1992)). "It is presumed that counsel is effective and that the burden is on the movant to show otherwise." *Forrest*, 290 S.W.3d at 708.

### Point I: Ineffective Assistance of Counsel for Failure to Preserve the Double Jeopardy Issue for Appellate Review

■■■ "Generally, the mere failure to ... preserve an issue on appeal is not a cognizable ground for relief for ineffective assistance of counsel on a post-conviction motion." *McLaughlin v. State*, No. SC91255, 2012 WL 2861374, at *22 (Mo. banc July 3, 2012); *see also Dickerson v. State*, 269 S.W.3d 889, 893 n. 3 (Mo. banc 2008). It has long been held that "[t]o state a cognizable claim of ineffectiveness

for failure to ... preserve an issue on appeal, [a movant] must allege that the trial counsel's failure denied him a fair trial." *Id.; see also Strong v. State*, 263 S.W.3d 636, 646 (Mo. banc 2008). "'The preservation of an issue for appeal cannot affect the fairness of the trial; preservation only affects rights and standards on appeal.'" *Johnson v. State*, 283 S.W.3d 279, 282 (Mo.App. S.D.2009) (quoting *Glasgow v. State*, 218 S.W.3d 484, 489–90 (Mo. App. W.D.2007)).

■■■ Here, McCauley's claim of ineffective assistance by Smith, as raised in his amended motion and in his point relied on, does not contest the fairness of his trial but only his ability to properly and fully appeal his conviction. Accordingly, this point relied on is not cognizable under Rule 29.15 and is denied on that basis. The motion court did not err in denying McCauley's claim that he received ineffective assistance of counsel as a result of Smith's actions or inactions. Point I is denied.

### Point II: Ineffective Assistance of Appellate Counsel for Failing to File Exhibits with Appellate Court

■■■ "Counsel is afforded broad latitude as to questions of trial strategy." *State v. Hamilton*, 892 S.W.2d 774, 784 (Mo.App. S.D.1995). "A court will not find ineffective assistance where the conduct complained of by the accused involves counsel's use of reasonable discretion in a matter of trial strategy." *Id.* Trial strategy decisions may only serve as a basis for ineffective counsel if they are unreasonable. *Borst v. State*, 337 S.W.3d 95, 103 (Mo.App. W.D.2011). "[S]trategic choices made after a thorough investigation of law and facts relevant to plausible opinions are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052.

Here, Flottman specifically testified she was aware the standard for filing exhibits in the relevant appellate court was "whether [the exhibits are] necessary for review of the allegation of error[ ]" asserted in any point relied on in appellant's brief. She stated that the plain-error claim she raised relating to the phone records "was a claim charging [that] three counts of aggravated stalking out of this one series of phone calls was double jeopardy." She acknowledged that while she "did not have a strategic reason for not submitting the exhibits[,]" she "didn't believe them to be relevant[,]" and "didn't believe them to be necessary[ ]" in order to facilitate the appellate court's determination of her point on appeal. Accordingly, she chose not to submit them to this Court.

 As acknowledged by the motion court, in a footnote to this Court's direct appeal opinion, it was "noted that the State, in it's appellate brief, outlined the contents of those exhibits that were not deposited with the court" and those facts were not rebutted by McCauley in a reply brief. *See McCauley,* 317 S.W.3d at 136. The motion court then found the appellate court "relied upon those factual assertions when making their decision to affirm the trial court's judgment" such that, having reviewed the previously omitted exhibits, the appellate court would have reached the same conclusion if the exhibits had properly been before it. We agree with the motion court. McCauley cannot show there was a reasonable probability that the outcome of the appeal would have been different had Flottman deposited the exhibits in conjunction with the direct appeal. The motion court did not clearly err in denying McCauley's claim that he received ineffective assistance of appellate counsel based on Flottman's failure to file exhibits on direct appeal. Point II is denied.

The Findings of Fact, Conclusions of Law, and Judgment of the motion court are affirmed.

GARY W. LYNCH, P.J., and NANCY STEFFEN RAHMEYER, J., Concur.