

# Missouri Court of Appeals

## Southern District

### Division Two

CHRIS RENN, )
　)
　　　Appellant, )
　)
　vs. )　　No. SD34360
　)　　Filed: November 16, 2016
STATE OF MISSOURI, )
　)
　　　Respondent. )

APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Benjamin F. Lewis, Judge

**<u>AFFIRMED</u>**

Chris Renn ("Renn") appeals from the judgment of the motion court denying his amended Rule 29.15[1] motion, without an evidentiary hearing, to set aside his conviction of the unclassified felony of statutory sodomy in the first degree. Renn challenges the judgment of the motion court in one point on appeal. Finding no merit to Renn's point, we affirm the judgment of the motion court.

---

[1] All rule references are to Missouri Court Rules (2016).

**Factual and Procedural Background**

We set forth only those facts necessary to complete our review. In doing so, we view the evidence in the light most favorable to the motion court's judgment. *McCauley v. State*, 380 S.W.3d 657, 659 (Mo.App. S.D. 2012).

On August 31, 2009, a probable cause statement was filed. On February 24, 2010, Renn was charged by information with one count of statutory sodomy in the first degree for having deviate sexual intercourse with D.B., the twelve-year-old son of a friend.

Renn's case was set for a jury trial on November 29, 2010. A motion hearing was set on October 18, 2010. Prior to the motion hearing, Renn, his attorney, and the State entered into and signed a two-page agreement[2] wherein Renn agreed to waive jury trial, take a polygraph exam, and if he failed the exam, plead guilty and accept a ten-year sentence. However, if Renn passed the polygraph exam, the State would dismiss the case. The parties then appeared before the trial court and the case was set for a bench trial on November 29, 2010.

Renn failed the polygraph exam. He did not plead guilty, but instead moved for a jury trial. The State opposed this and filed the October 18, 2010 agreement with the trial court. The trial court denied Renn's motion for a jury trial, and set a new bench trial date. Renn filed three more motions attempting to withdraw, quash, or otherwise negate his jury trial waiver. All of these attempts were unsuccessful. Ultimately, following a bench trial, Renn was convicted of first-degree statutory sodomy, and was sentenced to twenty years' in the Department of Corrections.

Renn appealed his conviction and sentence, asserting that he "never validly waived his right to jury trial in open court or on the record." *State v. Renn*, 453 S.W.3d 276, 277 (Mo.App.

---

[2] This agreement was not deposited with this Court. Although the Judgment indicates the agreement is attached as "Exhibit A," it was not attached to the copy of the Judgment deposited with this Court as part of the record.

S.D. 2014). This Court found no plain error by the trial court, and affirmed Renn's conviction and sentence. *Id.* at 278. Mandate was issued on February 4, 2015.

On March 2, 2015, Renn timely filed a *pro se* Rule 29.15 motion. On March 23, 2015, the motion court denied the motion as untimely filed. A public defender entered an appearance on behalf of Renn on March 31, 2015. The same day, counsel for Renn filed a motion to reconsider the dismissal and, on April 16, 2015, the motion court reinstated the case and granted a thirty-day extension to file an amended motion. On June 29, 2015, Renn timely filed his amended motion.[3]

Renn's motion asserted that "trial counsel was ineffective for failing to obtain [Renn]'s informed consent for his waiver of his right to a jury trial[.]" More specifically, Renn asserted that trial counsel

> incorrectly advis[ed] [Renn] that, in addition to the written agreement with the prosecutor, [Renn] would have an oral agreement with the prosecutor that, should the state's examiner determine him to be deceptive, the prosecutor would turn over an audio-video recording of the polygraph exam, the charges from the exam, and the exam report generated by the state's polygraph examiner.

Renn contended that, in fact, "[n]o such [oral] agreement existed[,]" and "[t]he polygraph examination was not video or audio taped." Renn asserted further that "trial counsel told [Renn] that they could hire an independent polygraph examiner, who could use the audio-video recording of the polygraph examination, the charts, and the exam report to refute the state's examiner's opinion, to restore his right to jury trial, and possibly get the case dismissed." Renn contends he was prejudiced because, but for counsel's alleged error, "he would have insisted on exercising his right to trial by jury."

---

[3] As the amended motion was timely filed, the motion court was not required to conduct an independent inquiry into abandonment pursuant to *Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015).

On January 22, 2016, without an evidentiary hearing, the motion court denied Renn's motion. The motion court concluded that the record refuted Renn's claim that he did not give "informed consent." This appeal followed.

In one point on appeal, Renn asserts trial court error in denying his Rule 29.15 motion without an evidentiary hearing, because defense counsel failed to obtain Renn's informed consent for his waiver of his right to a jury trial, and failed to fully explain to him the written and oral agreement with the State regarding the polygraph exam.

## Standard of Review

To be entitled to an evidentiary hearing, Renn was required to: "(1) allege facts, not conclusions, that would warrant relief if true; (2) these facts must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to [Renn]." *Smith v. State*, 207 S.W.3d 228, 230 (Mo.App. S.D. 2006). "If the files and records of the case conclusively show that Renn was not entitled to any relief, no evidentiary hearing was required." *Id.*; Rule 29.15(h).

## Analysis

In his sole point on appeal, Renn contends the trial court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing in that his counsel failed to obtain his consent for waiver of his right to jury trial, in that counsel failed to communicate to Renn the nature of a plea deal involving a polygraph exam.

It is apparent that the motion court did not believe Renn's waiver was involuntary, or that the particular agreement he describes regarding the polygraph exam existed. The motion court's findings on this matter state, in relevant part:

4

18.  Renn's claim that his waiver of jury trial was not informed is refuted by the trial record:

(a)  On August 30, 2010, the parties appeared and set the matter for a Chapter 491 hearing on October 18, 2010 and set the matter for jury trial on November 29, 2010;

(b)  On October 18, 2010, the parties appeared and announced that, after full discussion and consultation with his attorney, [Renn] would waive his right to a jury trial;

(c)  In [Renn]'s agreement, a copy of which is attached hereto as Exhibit "A", [Renn] states that he executed the agreement after discussing with his counsel the consequences, risks and benefits of the agreement;

(d)  In [Renn]'s agreement, he states that he waives his right to a jury trial of his own free will;

(e)  In the final paragraph of his agreement, [Renn] states that he waives his right to a trial by jury "in consideration of the promises and mutual agreements contained hereinabove;" i.e., he waives his right to a jury trial in exchange for the promises of the State set out in the agreement and not in exchange for any other promises.

(f)  On April 25, 2011, [Renn] and his trial counsel appeared and acknowledged executing the agreement and neither of them claimed that the waiver was not knowingly, inte1ligently and voluntarily made;

(g)  On May 31, 2011, the trial court found that the written waiver of jury trial was knowingly, voluntarily and intelligently made with full understanding of [Renn]'s rights and full advice of counsel.

19.  On October 31, 2011 the trial court heard argument on another motion by [Renn] to withdraw his jury waiver. At this hearing, [Renn]'s trial counsel raised the issue of an oral agreement that the State would provide a copy of an audio-video recording of the polygraph examination to allow a challenge to the polygraph results. The State denied that there was an oral agreement to provide an audio-video recording of the examination because polygraph examinations are never videotaped. The State asserted that the only oral agreement was to provide the polygrapher's data which could be reviewed by an expert retained by [Renn].

20.  Nowhere in [Renn]'s written agreement is there any provision for setting aside the jury waiver if the polygraph results were found to be unreliable by another polygrapher. Therefore, even if [Renn] had a recording to challenge the polygraph examination, he could not withdraw his waiver of jury trial. The agreement states that the consideration in the agreement is sufficient for the jury

waiver.  Therefore, [Renn]'s claim that his consent was based upon some additional promise by the State is refuted by the record.

21.    In the hearing on October 31, 2011, [Renn]'s trial counsel described what he understood to be his oral agreement with the State.  Counsel's account of the oral agreement did not include any right to set aside the jury waiver based upon a challenge to the reliability of the polygraph.  The trial court heard [Renn]'s claim that the oral agreement made his jury waiver involuntary and it found that the waiver was valid.

These findings are not clearly erroneous and support the motion court's finding that no evidentiary hearing was required.  Point denied.  The judgment of the motion court is affirmed.


WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

DANIEL E. SCOTT, J. - CONCURS